(No. 58296.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. AUDREY BUSHNELL, Appellee.

*Opinion filed March 23, 1984.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, Rhoda W. Davis, and Michele A. Grimaldi, Assistant State's Attorneys, of counsel), for the People.

Edward V. Hanrahan, of Chicago, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Defendant, Audrey Bushnell, petitioned the circuit court of Cook County to enter an order vacating a March 15, 1961, judgment of conviction against her. The circuit court granted the petition and the appellate court, by order, affirmed. (112 Ill. App. 3d 1158 (Rule 23 order).) Thereafter, this court allowed the State's petition for leave to appeal. 87 Ill. 2d R. 315.

There is one question presented for review: Did the circuit court have jurisdiction to vacate the judgment of conviction?

Because of the age of the case upon which this action is predicated, a reconstructed record, consisting of a single "half-sheet," has been supplied. The meager facts contained therein disclose that on March 15, 1961, defendant was convicted of the misdemeanor of obtaining money under false pretenses (Ill. Rev. Stat. 1959, ch. 38, par. 253). She was sentenced to one year probation and, as indicated by an order of the circuit court entered July 8, 1975, she successfully completed the probation.

Defendant, on July 30, 1981, petitioned the municipal department, first district of the circuit court, to enter an order vacating the 1961 judgment of conviction so that she could seek an order from the criminal division expunging her record of arrest and conviction. The court found that, although all records of defendant's conviction have been destroyed, "there is a record in [her] mind that she has been living with." It considered that defendant has led a law-abiding life since the conviction and, in the interest of justice, granted defendant's petition.

The appellate court concluded that defendant's petition could not be considered as requesting relief under former section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), since codified as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). We agree with this conclusion but for a different reason. Such petition must be filed not later than two years from the entry of the judgment for any relief sought under it. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(c).) Defendant did not institute this action until more than 20 years after entry of the judgment of conviction. However, in affirming the trial court, the appellate court relied upon section 5—6—3.1 of the Unified

Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1) and concluded that "discharge [of probation] may be in effect an act of dismissal and may precipitate an expungement of a criminal record once a defendant has satisfactorily completed probation." The court also stated:

"While post-conviction relief is available to defendants for a period of 20 years after the entry of a judgment of conviction (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.* [since amended reducing the period of limitation to 10 years; see Pub. Act 83—693, eff. Jan. 1, 1984, 1983 Ill. Laws 3922], the legislature has not indicated that there should be a statute of limitation for those offenders who have successfully completed periods of probation and seek relief such as that sought by the defendant here. The remedy provided by the trial judge is not burdensome to the court and clearly serves the interest of equity and justice."

The statute relied upon by the appellate court to allow vacation of the judgment provides in pertinent part:

"Discharge and dismissal upon a successful conclusion of a disposition of *supervision* shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal under this Section a person may have his record of arrest expunged *as may be provided by law.* However, any defendant placed on *supervision* before January 1, 1980, may move for expungement of his arrest record, as provided by law, at any time after discharge and dismissal under this Section." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(f).

Clearly, this statute applies only to incidents and conditions of supervision. Defendant was not placed on supervision; rather, she was convicted and sentenced to probation. Probation and supervision are two distinct dispositions of criminal matters. Probation is "a *sentence* or disposition of conditional and revocable release under the supervision of

a probation officer." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—18.) A sentence is "the disposition imposed by the court on a *convicted* defendant." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—19.) Supervision means "a disposition of conditional and revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the court, at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—21.) The primary distinction between the dispositions is that successful completion of supervision results in dismissal of the charges and no judgment of conviction is entered; whereas, successful completion of probation does not result in dismissal of the charges, nor does it result in a judgment of conviction being dismissed or vacated.

Section 5—6—3.1(f) of the Unified Code of Corrections does not authorize expungement of a judgment of conviction where a sentence of probation is imposed. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(f).) We, therefore, find that it was error for the appellate court to rely upon that statute as a basis for allowing the judgment of conviction to be vacated.

Defendant maintains that this court has inherent equitable authority to expunge a judgment of conviction. She argues that this court, in the interest of justice, has liberally construed the legislative intent of the Post-Conviction Hearing Act in order to grant relief to defendants where literal construction would have precluded such relief. (See Ill. Rev. Stat. 1981, ch. 38, par. 122—1.) Defendant cites numerous authorities in support of this position; however, we find those cases inapposite. Relief under the Post-Conviction Hearing Act is available only where (1) the defendant is imprisoned at the time the petition is filed and (2) there was a substantial deprivation of constitutional rights

at the time judgment was entered. (Ill. Rev. Stat. 1981, ch. 38, par. 122—1.) Defendant was never imprisoned nor does she allege that she was deprived of constitutional rights at the time judgment was entered. Further, defendant did not seek relief within the time limitation specified by the Act. Therefore, the relief which defendant seeks cannot be granted under the Post-Conviction Hearing Act.

Defendant also relies upon the court's decision in *In re St. Louis* (1977), 67 Ill. 2d 43, to buttress her argument. In that case, a minor was taken into custody and an identification record, including photographs and fingerprints, was made. Subsequently, the minor was released without being charged. A petition for expungement of the identification records was filed and, following a hearing, the court granted the petition. This court affirmed, holding that the circuit court possessed inherent equitable authority to order expungement. The rationale of the decision, however, was that the minor would have been entitled to expungement of the records if he were an adult because section 5 of "An Act in relation to criminal identification and investigation" (Ill. Rev. Stat. 1973, ch. 38, par. 206—5) authorized expungement of records where a person was arrested but never prosecuted or where prosecution resulted in an acquittal. *In re St. Louis* (1977), 67 Ill. 2d 43, 47.

We find the facts and circumstances of the present case distinguishable from *St. Louis.* Defendant here was prosecuted and convicted, whereas the minor in *St. Louis* was released without being charged. Moreover, in *St. Louis,* it was only because the legislature provided for expungement of records for adults under analogous circumstances that the court found it had inherent equitable authority to order expungement in cases involving minors. This case does not present such a situation.

Examination of the statutory provisions which provide for expungement of criminal records reveals that the legis-

lature has not seen fit to allow expungement of a judgment of conviction where a sentence of probation is imposed. We accordingly hold that, absent appropriate legislation, a court is without jurisdiction to expunge a record revealing a judgment of conviction. We recognize that "there are obvious advantages in purging oneself of the stigma and disabilities which attend a criminal conviction" (*People v. Davis* (1968), 39 Ill. 2d 325, 329). In addition, we find merit to defendant's argument that a person who has led a law-abiding life for 20 years after a certain misdemeanor conviction should be able to rid himself of the criminal record. However, since there is no statutory authority nor a common law or constitutional basis to grant such relief, the issue should more appropriately be addressed to the legislature.

For the reasons stated, the judgments of the circuit and appellate courts are reversed.

*Judgments reversed.*