THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. THOMAS PAUL WEST, Petitioner-Appellant.

Third District   No. 3—90—0234

Opinion filed March 6, 1991.

Thomas A. Lilien, of State Appellate Defender's Office, of Elgin, for appellant.

William Herzog, State's Attorney, of Kankakee (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Thomas Paul West, appeals the dismissal of his post-conviction petition. We affirm.

The record shows that on August 20, 1981, the petitioner was convicted of voluntary manslaughter (Ill. Rev. Stat. 1979, ch. 38, par. 9—2). The trial court subsequently sentenced him to a six-year term of imprisonment. On appeal, this court vacated the sentence and remanded the cause for resentencing. (*People v. West* (1982), 106 Ill. App. 3d 1161 (unpublished order under Supreme Court Rule 23).) On February 4, 1983, the trial court imposed a four-year prison sentence to be followed by a two-year mandatory supervised release period.

On January 19, 1990, after the petitioner had completed his prison sentence and mandatory supervised release period, he filed a *pro se* petition for post-conviction relief. The State moved to dismiss the petition, raising several grounds for dismissal. The trial court granted the State's motion.

The parties agree that the petitioner presently faces the death penalty for a murder committed in Arizona. The parties also agree that the petitioner's voluntary manslaughter conviction was an aggravating factor in the death sentence.

On appeal, the petitioner argues that the court erred in dismissing his petition. He contends that before dismissing the petition, the court should have determined without any input from the State whether the petition was frivolous or patently without merit. See Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a).

The State responds that the petition was untimely because it was filed after the petitioner had completed his prison sentence and mandatory supervised release period. Consequently, it argues that the petitioner lacks standing to raise any issues concerning the dismissal.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) states that only persons "imprisoned in the penitentiary" may bring a post-conviction petition. (Ill. Rev. Stat.

1989, ch. 38, par. 122—1.) Accordingly, a person who has served his prison sentence and mandatory supervised release period generally may not file a post-conviction petition. (*People v. Farias* (1989), 187 Ill. App. 3d 879, 543 N.E.2d 886.) Further, the use of a prior conviction to enhance a sentence does not create a right to file a post-conviction petition concerning the prior conviction. *People v. Villanueva* (1988), 174 Ill. App. 3d 791, 529 N.E.2d 87; *People v. Collins* (1987), 161 Ill. App. 3d 285, 514 N.E.2d 499.

■ The record establishes that the petitioner had completed his prison sentence and mandatory supervised release period at the time he filed the instant petition. Moreover, under the reasoning in *Villanueva* and *Collins*, the use of his prior conviction to enhance his present sentence did not give him the right to file a post-conviction petition. Since the petitioner could not file the instant petition, his argument concerning its dismissal is moot. Accordingly, we affirm the dismissal of the petition.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.