THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. ROZBORSKI, Defendant-Appellant.

Second District    No. 2—00—0452

Opinion filed June 29, 2001.

Sidney Abelski, of Abelski & Associates, Ltd., of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Michael A. Rozborski, was convicted of misdemeanor driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1996)) and received a year of court supervision. Defendant did not appeal that order (see 145 Ill. 2d R. 604(b)). Almost a year later, the State petitioned to revoke defendant's supervision. Before the trial court heard the State's petition, defendant filed a petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)). The trial court dismissed defendant's petition, holding that he lacked standing to proceed under the Act because he was not "imprisoned in the penitentiary" (725 ILCS 5/122—1(a) (West 1998)). Defendant appeals.

On appeal, defendant argues that the dismissal of his postconviction petition was erroneous. Defendant concedes that he could not seek relief under the Act itself. However, he argues that *People v. Warr*, 54 Ill. 2d 487 (1973), permits a defendant to seek postconviction relief from a misdemeanor conviction. The State does not dispute that *Warr* makes postconviction relief available to misdemeanants. However, the State urges this court to affirm the judgment of the trial court because (1) defendant filed his petition only after he was no longer subject to the risk of imprisonment; and (2) defendant's petition was untimely under *Warr*.

We agree that a defendant not eligible for relief under the Act may invoke *Warr* to seek postconviction relief. Nevertheless, we affirm the judgment of the trial court, although we do so on a basis other than that advanced by the State. We hold that since a final judgment is a prerequisite to obtaining relief under *Warr*, defendant's petition was

premature because he filed it before the court entered a final judgment in his DUI case.

The facts are as follows. On December 10, 1998, a jury found defendant guilty of DUI. On February 4, 1999, the trial court entered a written order imposing a "sentence" of one year of court supervision with an end date of "2/4/00" and the payment of various fines and costs. Another written order set out the conditions of defendant's supervision, including that defendant would make a "FINAL appearance to the Court" at 8:30 a.m. on February 3, 2000.

On February 3, 2000, the State filed a petition to revoke defendant's court supervision (see 730 ILCS 5/5—6—4 (West 1998)). That day, the circuit court set February 25, 2000, for "status on this Petition to Revoke." On February 22, 2000, the court entered another order granting defendant leave to file his "petition to vacate" on or before March 8, 2000, setting a hearing on "said motion" for March 22, 2000, and striking the February 25, 2000, hearing date for the State's petition to revoke defendant's supervision. Nothing in the record refers to any further proceedings on the State's petition to revoke supervision.

On March 8, 2000, defendant filed his "Petition for Post-Conviction Relief," purportedly under the Act and without referencing *Warr*. The petition alleged that defendant was deprived of the effective assistance of counsel at his trial. On March 21, 2000, the circuit court heard the petition. The trial judge observed that the Act limits relief thereunder to "[a]ny person imprisoned in the penitentiary" (725 ILCS 5/122—1 (West 1998)), clearly excluding defendant. On March 22, 2000, the court dismissed the petition because defendant lacked standing. Defendant timely appealed.

●1 Defendant argues that the trial court erred in holding that he could not file a postconviction petition. Defendant acknowledges that the Act itself extends only to those "imprisoned in the penitentiary" and thus does not apply to misdemeanor cases such as his. However, as defendant observes, the *Warr* court recognized this procedural void and provided those convicted of misdemeanors with a form of postconviction relief "in the nature of a proceeding under the Post-Conviction Hearing Act." *Warr*, 54 Ill. 2d at 493. Such a proceeding is governed by the Act except in certain respects, one of these being that the defendant need not be imprisoned. *Warr*, 54 Ill. 2d at 493. Therefore, defendant reasons, the trial court erred as a matter of law in holding that he lacked standing to seek postconviction relief.

We agree that under *Warr* defendant did not lack standing to seek postconviction relief merely because he was not "imprisoned in the penitentiary." Rather than relying on *Warr*, defendant's petition incor-

rectly relied on the Act. However, this formal mistake ought not deprive defendant of any right he has to postconviction relief.

The State concedes that the trial court erred in failing to recognize that, under *Warr*, defendant was not barred from seeking postconviction relief merely because he had not been imprisoned. However, the State advances two other bases for affirmance. We believe neither has merit.

The State argues in part that, by the time defendant filed his petition, he could not seek postconviction relief because his supervision had ended and he was no longer in danger of being imprisoned. Relying on the appellate court's opinion in *People v. West*, 209 Ill. App. 3d 1019 (1991), *aff'd* 145 Ill. 2d 517 (1991), the State asserts that "there is no construction of the [Act] under which the defendant's action could have been maintained."

The State's argument is somewhat obscure, as it appears to center on the meaning of the Act. However, defendant does not now rely on the Act but on the supervisory order in *Warr*, which clearly states that a defendant need not be imprisoned in order to seek relief. *Warr*, 54 Ill. 2d at 493. Indeed, the very purpose of the order in *Warr* was to create a postconviction remedy for a class of defendants who do not face imprisonment.

*West* does not suggest otherwise. In *West*, the defendant was a convicted felon who sought relief under the Act. The supreme court held that the defendant lacked standing to invoke the Act because he had already completed his prison term. The court recognized that incarceration is not a precondition to obtaining postconviction relief. *West*, 145 Ill. 2d at 519. What was crucial was not that the defendant risked no future imprisonment but that he had completely served his sentence. *West*, 145 Ill. 2d at 518; see also *West*, 209 Ill. App. 3d 1019. This holding was consistent with earlier authority that established that a defendant who has completed his sentence may not use the Act simply to purge his criminal record. See *People v. Martin-Trigona*, 111 Ill. 2d 295, 299 (1986); *People v. Farias*, 187 Ill. App. 3d 879, 883 (1989).

Although the State phrases its argument in terms of "imprisonment" and the Act, it may be that the State intends to assert that, when defendant filed his postconviction petition, he could no longer obtain postconviction relief because his supervision had ended. If the factual premise of this argument is true, its conclusion follows from *West* and like precedent. If defendant's supervision was over by the time he filed the petition, he would have had no standing to seek postconviction relief. Not only would he no longer face punishment, the charges would have been dismissed without an adjudication of guilt.

See 730 ILCS 5/5—1—21, 5—6—3.1(e), (f) (West 1998); *People v. Tarkowski*, 100 Ill. App. 3d 153, 157 (1981).

However, the factual basis for any such argument is missing. Defendant did file his postconviction petition after his year of supervision was supposed to have ended. Nonetheless, before the period expired, the State filed a petition to revoke defendant's supervision. The trial court continued a hearing on the State's petition until after the date it heard the postconviction petition. If the trial court went ahead and granted the State's petition to revoke, defendant could have received either more supervision or any sentence that was originally available. See 730 ILCS 5/5—6—4(e) (West 1998); *Kirwan v. Welch*, 133 Ill. 2d 163, 166 (1989).

The State asserts that defendant's supervision ended because the State abandoned its petition to revoke supervision. The record contains no reports of further proceedings on the revocation petition. However, we hesitate to conclude anything from that fact. Defendant has supplemented the record with the transcript of the hearing on his postconviction petition. Nothing from the hearing suggests that the State was no longer pursuing the petition to revoke. The trial court and the parties did not state that defendant had completed his supervision successfully. Nowhere does the record show that defendant has completed his supervision successfully or that the charges have been dismissed. Thus, we shall not assume that defendant had completed his supervision by the time he filed his postconviction petition.

We move to the State's other argument for affirming the judgment. The State maintains that the trial court properly dismissed defendant's postconviction petition because it was untimely. Under *Warr*, a postconviction proceeding shall be governed by the Act except in certain respects, the pertinent one here being that "the proceeding shall be commenced *** within six months after the rendition of final judgment following a trial upon a plea of not guilty." *Warr*, 54 Ill. 2d at 493. The State reasons that defendant's petition was untimely because he did not file it until about 13 months after the order of supervision that followed the jury's guilty verdict. The State reasons that, as the order of supervision was the final judgment in the DUI case, the petition was untimely and the trial court rightly dismissed the petition, albeit for incorrect reasons. We disagree.

In explaining why we reject the State's argument that defendant's petition was untimely, we also explain why we hold that defendant's petition was premature. The key to each holding is that defendant had to file his petition "within six months *after* the rendition of the *final judgment*." (Emphasis added.) *Warr*, 54 Ill. 2d at 493. Defendant did not satisfy this requirement, although not for the reasons the State

suggests. We may affirm the judgment on any ground called for by the record, even if the trial court did not rely on that ground. See *People v. Wright*, 194 Ill. 2d 1, 16 (2000).

Were the State correct in assuming that the order of supervision was the "final judgment" that started defendant's postconviction clock running, the State would also be correct that defendant's petition was untimely. However, the State's assumption is simply incorrect. The order of supervision was not a final judgment. On the date that defendant filed his postconviction petition, no final judgment had been entered in the DUI case. Indeed, nothing shows that the trial court has *ever* entered a final judgment in the criminal case.

•2 Although *Warr* does not specifically define "final judgment," that term has a well-established meaning. In a criminal case, the "judgment" is the "adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it *includes the sentence pronounced by the court*." (Emphasis added.) 730 ILCS 5/5—1—12 (West 1998). This statutory definition is consistent with long-standing case law. Thus, in *People v. Woods*, 193 Ill. 2d 483, 489 (2000), the supreme court held that the term "date of conviction" in section 122—1(c) of the Act (725 ILCS 5/122—1(c) (West 1998)) means "the date that *final judgment including sentence* was entered." (Emphasis added.) Many opinions have stated that there is no final judgment until the defendant is sentenced. See, *e.g.*, *People v. Warship*, 59 Ill. 2d 125, 130 (1974); *People v. Rose*, 43 Ill. 2d 273, 278 (1969). This conclusion flows logically from the general definition of a "final judgment" as one that terminates the litigation on the merits and leaves nothing to be done but to proceed to execution. *Kirwan*, 133 Ill. 2d at 167. If a defendant has been found guilty but the court has yet to decide on the sentence, the litigation has not been terminated on the merits.

An order imposing court supervision does not terminate a criminal case on the merits but defers the judgment until the period of supervision has ended. 730 ILCS 5/5—1—21, 5—6—3.1(a) (West 1998). As a result, our courts have long recognized that an order of supervision is not a final judgment. *Kirwan*, 133 Ill. 2d at 166-67; *People v. Bushnell*, 101 Ill. 2d 261, 265-66 (1984) (distinguishing between "sentence" of probation and "disposition" of supervision); *Tarkowski*, 100 Ill. App. 3d at 157. In placing a defendant on supervision, a court does not impose a sentence; indeed, it leaves open whether the defendant will ever be sentenced at all. If the defendant completes supervision successfully, the charges are dismissed and the result resembles an acquittal (*Tarkowski*, 100 Ill. App. 3d at 161); otherwise, the defendant may be found guilty and sentenced. Until these matters are resolved, there is no final judgment. .

•3 Under *Warr*, a postconviction petition in a misdemeanor case must be filed *"within six months after* the rendition of *final judgment* following a trial upon a plea of not guilty."* (Emphasis added.) *Warr*, 54 Ill. 2d at 493. These words plainly state that a final judgment is a condition precedent for a postconviction petition. Thus, if a misdemeanor defendant files a postconviction petition after he is given supervision but before he is actually sentenced, the trial court must dismiss the petition as unauthorized by *Warr*.

We believe this holding not only follows *Warr*'s plain language but is consistent with the Act and promotes judicial economy. To allow misdemeanor defendants to file postconviction petitions in advance of sentencing would give these defendants greater rights than felony defendants enjoy under the Act. Such a procedural scheme would also encourage the filing of needless postconviction petitions.

Section 122—1(c) of the Act (725 ILCS 5/122—1(c) (West 1998)) states in part that no proceedings under the Act shall be commenced more than "3 years from the date of conviction." In *Woods*, the court held that the "date of conviction" that starts the clock running is not the date the defendant was found guilty but "the date that final judgment including sentence was entered." *Woods*, 193 Ill. 2d at 489. The court emphasized that the Act assumes that a petitioner "will raise in one post-conviction petition" all constitutional issues, whether these issues relate to the trial or to the sentence. *Woods*, 193 Ill. 2d at 489. A petitioner may not bring one petition immediately after he is convicted and a second petition only after he is sentenced.

The considerations of judicial economy that *Woods* stresses in construing the Act also militate against piecemeal petitions in misdemeanor cases. Indeed, where the trial court has gone no further than to give the defendant supervision, these considerations are even stronger. In such a case, requiring the defendant to wait until after sentencing may avoid postconviction litigation altogether. If the defendant completes his supervision successfully, nothing remains and he will not need to file a postconviction petition at all; if he does so anyway, the trial court may summarily dismiss it as moot. There is no reason to allow a defendant to file a postconviction petition at a time when it may well turn out that he does not need postconviction relief at all.

For the aforementioned reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.