**Paul A. FELBAUM**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 1, 2004.

Decided Nov. 5, 2004.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

James M. Fox, Latrobe, for appellee.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Westmoreland County (trial court) that granted Paul A. Felbaum's (Licensee) statutory appeal from a one-year suspension of his operating privilege imposed

pursuant to Section 1532 of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3) and Article IV(a)(2) of the Driver's License Compact (Compact), 75 Pa.C.S. § 1581. Agreeing with the trial court that the disposition of Licensee's Illinois driving under the influence (DUI) charge does not constitute a "conviction" for purposes of the Compact, we affirm.

On April 29, 2003, Licensee, a Westmoreland County resident, was charged with DUI in the state of Illinois. Licensee pled guilty to the DUI charge in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois (Champaign County Court). The Champaign County Court accepted Licensee's guilty plea, ordered Licensee serve a 24–month period of court supervision and deferred entry of judgment for 24 months.[1] Reproduced Record (R.R.) at 48a.

Thereafter, the state of Illinois reported a DUI conviction for Licensee to Penn-DOT. PennDOT informed Licensee his operating privilege would be suspended for one year based upon the report of conviction from Illinois. Licensee appealed to the trial court.

At a *de novo* hearing before the trial court, PennDOT offered into evidence a packet of certified documents, including the Illinois "report of conviction." R.R. at 43a. In response, Licensee testified on his own behalf. Licensee conceded he pled guilty to the Illinois DUI charge, but asserted, because the Champaign County Court placed him on court supervision and deferred entry of judgment, the disposition of his case did not constitute a "conviction" for purposes of the Compact. He offered into evidence the Champaign County Court's sentencing order, which states, "[Licensee] and the public will be best served if [Licensee] does not receive a criminal record...." R.R. at 48a. Ultimately, the trial court determined Licensee was not "convicted" for purposes of the Compact, and granted his appeal. Penn-DOT now appeals to this Court.[2]

Article II of the Compact defines "conviction" as

[A] conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation or a forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense and which conviction or forfeiture is required to be reported to the licensing authority.

75 Pa.C.S. § 1581, Article II(c). Notably, the Article does not define the point in the

---

1. The Illinois statute which permits a court to defer judgment and order court supervision states, as pertinent:

   (c) The court may, upon a plea of guilty ... defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant.... If the defendant is not barred from receiving an order for supervision as provided in this subsection, the court may enter an order for supervision after considering the circumstances of the offense, and the history, character and condition of the offender, if the court is of the opinion that:
   (1) the offender is not likely to commit further crimes;

   (2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and
   (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code.
   730 ILCS § 5/5–6–1(c).

2. In driver's license suspension proceedings, our review is limited to determining whether the trial court's findings are supported by substantial evidence and whether it committed an error of law or abused its discretion. *Dep't of Transp., Bureau of Driver Licensing v. Moss*, 146 Pa.Cmwlth. 330, 605 A.2d 1279 (1992).

judicial process at which a conviction occurs. *Lueth v. Dep't of Transp., Bureau of Driver Licensing,* 785 A.2d 133, 137 (Pa.Cmwlth.2001). Further, Article III states:

> The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581, Article III. Article IV(a)(2) of the Compact states that Penn-DOT shall give the same effect to out-of-state conduct as it would if such conduct occurred in Pennsylvania where the out-of-state conduct results in a conviction for DUI. 75 Pa.C.S. § 1581, Article IV(a)(2).

PennDOT argues Licensee failed to present "clear and convincing" evidence to rebut its *prima facie* evidence that he was convicted of DUI in Illinois. It further contends the court supervision before judgment disposition of Licensee's DUI charge under Illinois law, pursuant to which Licensee pled guilty, constitutes a "conviction" for purposes of Article IV(a)(2) of the Compact. We disagree.

In *Lueth* and *Laughlin v. Dep't of Transp., Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth.1998) this Court addressed a similar issue: whether a probation before judgment disposition of a DUI charge under Maryland law, which required a finding of guilty, constituted a

"conviction" for purposes of Article IV(a)(2) of the Compact.

In *Laughlin,* Robert Laughlin, a Pennsylvania licensed driver, pled guilty to a DUI charge in Maryland with the understanding, if he completed a drug and alcohol program, the district court would grant him "probation before judgment." After Laughlin's guilty plea, the state of Maryland forwarded PennDOT a report of conviction. PennDOT sent Laughlin a notice of suspension, and, on appeal by Laughlin, the trial court sustained his appeal. Penn-DOT appealed to this Court, asserting, because Laughlin pled guilty, the probation before judgment disposition of his DUI charge constituted a "conviction" for purposes of Article IV of the Compact. This Court disagreed, noting, pursuant to Maryland law, Laughlin's discharge from probation was "without judgment of conviction and is not a conviction for purposes of any disqualification ... imposed by law because of conviction of crime...." *Id.* at 852 (citing Md.Code Ann. art. 27, § 641). Consequently, we stated:

> Therefore, giving full faith and credit to Maryland's law ... we hold that [Penn-DOT's] suspension of Laughlin's driver's license was, in these circumstances, an impermissible disqualification from his motor vehicle operating privileges, since his discharge in Maryland cannot be a conviction for such purposes.

*Laughlin,* 719 A.2d at 852.

Thereafter, in *Lueth,* Michael Brian Lueth was charged with driving while intoxicated, and was convicted following trial. He applied to Maryland's "probation prior to judgment" program, pursuant to which the court placed him on 24 months' probation and stayed entry of judgment pending his completion of the program. Upon receiving notice of Lueth's conviction from Maryland, PennDOT suspended his operating privilege. Lueth appealed the

suspension, and the trial court dismissed his appeal. On appeal, we reversed, concluding that, based on *Laughlin*, the probation before judgment disposition did not constitute a "conviction" for purposes of Article IV of the Compact because judgment was not entered. Significantly, we determined, even though Lueth had yet to successfully complete the probation program, his entry into the program did not constitute a conviction.

Here, as in *Lueth* and *Laughlin*, Licensee pled guilty, received court supervision, and entry of judgment was deferred pending his successful completion of the court supervision program. The Maryland statute concerning the effect of a successful discharge from probation at issue in *Lueth* and *Laughlin* is nearly identical to the Illinois statute regarding discharge from court supervision. The Illinois statute provides:

§ 5–6–3.1. Incidents and Conditions of Supervision.

(a) When a defendant is placed on supervision, the court shall enter an order for supervision specifying the period of such supervision, and shall defer further proceedings in the case until the conclusion of the period.

\*    \*    \*    \*    \*    \*

(d) *The court shall defer entering any judgment on the charges* until the conclusion of the supervision.

(e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges.

(f) *Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime.* ...

730 ILCS § 5/5–6–3.1 (emphasis added). This provision clearly provides Licensee's discharge from supervision is without adjudication of guilt and does not amount to a conviction that would support "any disqualification" imposed by law due to such a crime. *See People v. Bushnell*, 101 Ill.2d 261, 78 Ill.Dec. 146, 461 N.E.2d 980 (1984) (successful completion of supervision results in dismissal of the charges and no judgment of conviction is entered). As a result, in accordance with Illinois law, no conviction exists for purposes of imposing a Compact suspension. Further, as in *Lueth*, the fact that Licensee has not yet completed the court supervision program does not alter the result as entry into court supervision is not a conviction. Thus, we agree with the trial court that the court supervision before judgment disposition does not constitute a "conviction" for purposes of the Compact. *Lueth*; *Laughlin*.[3]

---

**3.** Citing *Kovalcin v. Dep't of Transp., Bureau of Driver Licensing*, 781 A.2d 273 (Pa.Cmwlth. 2001), PennDOT argues Licensee's admission that he paid a fine in connection with his court-ordered supervision, R.R. at 25a., coupled with his guilty plea, establishes a conviction. *Kovalcin* is inapposite. There, we held a licensee's payment of a fine in West Virginia for leaving the scene of an accident, constituted a conviction under Section 6501 of the Vehicle Code, 75 Pa.C.S. § 6501. Notably, in that case, after PennDOT offered documenta-

ry evidence of the licensee's conviction in the form of an abstract of the conviction, the licensee offered no rebuttal evidence of any kind. Unlike in *Kovalcin*, Licensee here offered into evidence the sentencing order demonstrating he received court supervision and the court deferred entry of judgment.

Further, contrary to PennDOT's assertion, Section 6501 of the Vehicle Code, 75 Pa.C.S. § 6501, is not applicable here because Licensee entered his guilty plea in Illinois and,

PennDOT also asserts, because Illinois reported the offense as a conviction, under the Compact and Pennsylvania law, it must be treated as a conviction by the Pennsylvania licensing authority. We rejected the same argument in *Lueth*, recognizing there that, although the state of Maryland provided notice of Lueth's conviction to PennDOT, such notice amounted to "administrative," not judicial notice. *Id.* at 137. As a result, we determined the fact that Maryland transmitted a notice of conviction to PennDOT did not control the outcome of the case.

Here, as in *Lueth*, the report of conviction from the state of Illinois is not dispositive. Despite administrative notification of conviction, the Champaign County Court's sentencing order clearly indicates the court deferred entry of judgment, and no record of conviction exists. R.R. at 48a. This determination is consistent with Illinois jurisprudence. In *People v. Rozborski*, 323 Ill.App.3d 215, 256 Ill.Dec. 254, 751 N.E.2d 644 (2001) the Appellate Court of Illinois stated:

> In placing a defendant on supervision, a court does not impose a sentence; indeed, it leaves open whether the defendant will ever be sentenced at all. If the defendant completes supervision successfully, the charges are dismissed and the result resembles an acquittal ... otherwise, the defendant may be found guilty and sentenced. Until these matters are resolved, there is no final judgment.

*Rozborski*, 256 Ill.Dec. 254, 751 N.E.2d at 649–50 (citation omitted). Further, the Illinois Supreme Court defines "judgment of conviction" as the trial court's entry of judgment on a verdict of guilty. *People v. Franklin* 135 Ill.2d 78, 142 Ill.Dec. 152,

552 N.E.2d 743 (1990). No judgment on a verdict of guilty existed in Illinois at the time PennDOT suspended Licensee's license. Thus, because Licensee did not stand convicted under Illinois law, and because only the reporting of convictions triggers the Compact, PennDOT impermissibly suspended Licensee's operating privilege. *Lueth.*

Based on the foregoing reasons, we affirm.

## ORDER

AND NOW, this 5th day of November, 2004, the order of the Court of Common Pleas of Westmoreland County is **AF-FIRMED.**

CONCURRING OPINION BY Senior Judge McCLOSKEY.

I concur with the result reached by the majority based upon the present state of the law. However, I write separately to reaffirm my beliefs as expressed in my dissent in *Lueth v. Department of Transportation, Bureau of Driver Licensing*, 785 A.2d 133 (Pa.Cmwlth.2001). As such, I would conclude that Paul A. Felbaum's (Licensee's) plea of guilty in the State of Illinois constituted a conviction sufficient to warrant a suspension of his operating privileges within this Commonwealth. Additionally, I would conclude that this Commonwealth is not bound by the subsequent manner in which Illinois chooses to treat a person convicted of DUI.

In this regard, I note that the state where the occurrence took place, in this case Illinois, is the only state which can decide if the person committed the act. As noted by the majority in its opinion, at the *de novo* hearing before the trial court,

---

pursuant to Illinois law, a person may plead guilty and receive court supervision. 730

ILCS § 5/5–6–1(c).

Licensee himself admitted that he pleaded guilty to the Illinois DUI charge. Nevertheless, despite the Illinois court's acceptance of that plea, the Illinois court directed Licensee to serve a twenty-four month period of court supervision and deferred entry of judgment. The majority relies on this deferred entry of judgment, albeit correctly under *Lueth*, to conclude that Licensee did not have a qualifying conviction sufficient to warrant a suspension of his operating privileges in this Commonwealth. Once again, I reiterate my belief that the state where the act took place and the subsequent manner in which said state chooses to treat that act cannot and should not be able to control the consequences of the act in this Commonwealth.