THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGELA LARIMER, Defendant-Appellant.

First District (5th Division)   No. 1—10—0116

Opinion filed May 13, 2011.

John Thomas Moran, Jr., of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan Spellberg, Joan Frazier, and Joseph Alexander, Assistant State's Attorneys, of counsel), for the People.

JUDGE EPSTEIN delivered the judgment of the court, with opinion.

Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion.

## OPINION

In this case we consider whether relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 2008)) is available to a defendant while she is completing a period on supervision following trial on a misdemeanor charge. We hold that it is not.

Defendant Angela Larimer appeals the trial court's order summarily dismissing her postconviction petition. On appeal, defendant contends that her petition stated the gist of an actual innocence claim and an ineffective assistance of counsel claim. We affirm.

Following a bench trial, defendant was convicted of telephone harassment, a misdemeanor offense, because she continued to contact the victim, John Green, despite his attempts to prevent her from com-

municating with him. Defendant was sentenced to 12 months' court supervision on June 4, 2009. Defendant did not attempt to perfect an appeal from this judgment.

On September 22, 2009, defendant appeared in court for a hearing on a petition to revoke supervision. The hearing was continued to October 30, 2009, and, on that day, defendant filed, through counsel, a petition for relief under the Act. 725 ILCS 5/122—1 *et seq.* (West 2008). In the petition, defendant alleged that she was actually innocent because the statute charging her with harassment was unconstitutional as applied to the facts of this case. Defendant also contended that her trial counsel was ineffective for failing to object to hearsay testimony, narrative responses made by the complaining witness, and the introduction of numerous instances of uncharged misconduct. Defendant attached excerpts of the trial transcript in support of her petition.

On December 7, 2009, the circuit court found defendant's petition frivolous and patently without merit and summarily dismissed it. The court specifically stated that there was ample evidence that defendant committed telephone harassment and that she caused emotional distress under the statute. Both parties agree that defendant's supervision was successfully terminated on or about April 29, 2010.

On appeal, defendant contends that her postconviction petition stated the gist of a claim of actual innocence and ineffective assistance of counsel. Before reaching the merits of this case, we must first determine whether defendant, who was convicted of a misdemeanor and received a disposition of supervision, had standing to proceed under the Act before the supervision was complete.

Defendant argues that she can proceed under *People v. Warr*, 54 Ill. 2d 487, 493 (1973). In *Warr*, the supreme court held that where a defendant is convicted of a misdemeanor, and asserts that in the proceedings which resulted in her conviction there was a substantial denial of her constitutional rights, she may institute a proceeding under the Act under certain circumstances. In particular, the *Warr* court mandated that the proceeding shall be commenced within four months after rendition of final judgment if the judgment was entered upon a guilty plea, and within six months after the rendition of final judgment following a trial upon a not guilty plea. *Warr*, 54 Ill. 2d at 493. This mandate from *Warr* tracks the language of the Act itself, which emphasizes the requirement that a postconviction petitioner must have a "conviction" (725 ILCS 5/122—1 (West 2008)) and a "final judgment" (725 ILCS 5/122—2 (West 2008)) to challenge. As used in the Act, the word "conviction" is a term of art which means a final judgment that includes both a conviction and a sentence. *People v. Hager*, 202 Ill. 2d 143, 149 (2002).

The supreme court has given several exceptions to a postconviction petitioner under the language "imprisoned in the penitentiary," such as a person on probation or mandatory supervised release. See *People v. Carrera*, 239 Ill. 2d 241, 246 (2010) (cases cited therein). However, these exceptions do not affect the requirement that a postconviction petitioner must have a conviction and final judgment to challenge. No Illinois court has found an exception to the rule that there must be a final judgment to challenge under the Act.

In *Warr*, all three misdemeanants received in-custody sentences. In contrast, here, the trial court placed the defendant on supervision, which does not, as a matter of law, constitute a disposition following a judgment of conviction. See *People v. Bushnell*, 101 Ill. 2d 261, 265-66 (1984) (recognizing that an order of supervision is not a final judgment). As the defendant had not yet received a judgment of conviction and sentence when she filed her petition under the Act, defendant's petition was premature.

In finding that defendant's petition was premature, we follow this court's holding in *People v. Rozborski*, 323 Ill. App. 3d 215 (2001), which applied *Warr*. In *Rozborski*, the defendant was convicted of a misdemeanor (driving under the influence of alcohol) and received one year of court supervision. Before the year of supervision ended, the State filed a petition to revoke defendant's supervision. Prior to the trial court ruling on the State's petition, the defendant filed for postconviction relief. The trial court dismissed the defendant's petition, and this court affirmed that dismissal, stating that "[a]n order imposing court supervision does not terminate a criminal case on the merits but defers the judgment until the period of supervision has ended." *Rozborski*, 323 Ill. App. 3d at 220. The court held that because a final judgment is a prerequisite for postconviction relief under *Warr* (*Rozborski*, 323 Ill. App. 3d at 216-17), and such judgment had not yet been entered when defendant filed his petition, the petition was premature and must be dismissed. *Rozborski*, 323 Ill. App. 3d at 221. Here, similarly to *Rozborski*, the record shows that defendant's supervision began on June 4, 2009, and had not yet terminated when she filed her petition on October 30, 2009. Under *Rozborski*, defendant filed her petition prematurely because no final judgment had been rendered in her case.

We note that the court in *Rozborski* stated, in *dicta*, that if the defendant completed his supervision successfully, nothing would remain and he would not need to file a postconviction petition at all; if he did so anyway, the trial court may summarily dismiss it as moot. *Rozborski*, 323 Ill. App. 3d at 221. The issue here, however, is whether defendant's petition is premature, not whether it is moot. The issue of

whether a defendant who successfully completes supervision is entitled to proceed under the Act is not before the court.

Defendant maintains that a finding that her petition was premature would leave no avenue in Illinois for a misdemeanant to raise, by way of collateral proceedings, a claim of unconstitutionality where a term of supervision is imposed. The Act, however, as written, does not apply to every type of criminal defendant.

It is not as if defendant had no avenue at all to raise her claims. As defendant admits in her reply brief, Illinois Supreme Court Rule 604(b) (eff. July 1, 2006) provides an avenue for relief. Under Rule 604(b), a defendant placed under supervision may file a direct appeal from the judgment and may seek review of the conditions of supervision. In this case, defendant chose not to file a direct appeal, which would have allowed her to pursue her constitutional claims.

Additionally, the fact that defendant contends that there are serious collateral consequences that result from the entry of supervision in a criminal case does not change the fact that her petition was premature. Defendant specifically maintains that because a disposition of supervision can be used as an aggravating factor in subsequent adjudications, the matter here is not moot. In making this argument, defendant relies primarily on *People v. Jordan*, 218 Ill. 2d 255 (2006), where a defendant received a sentence of supervision and filed a notice of appeal. While the appeal was pending, the trial court discharged the defendant's supervision. The supreme court nevertheless found that the appeal was not moot. *Jordan*, 218 Ill. 2d at 263. In doing so, the court found that while "discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction ***, there are nonetheless important consequences associated with a disposition of court supervision." *Jordan*, 218 Ill. 2d at 263. *Jordan* can be distinguished from the case at bar because here, unlike in *Jordan*, the issue involves a petition under the Act and not a direct appeal. Had defendant filed a direct appeal, *Jordan* instructs that her appeal would not have been rendered moot by the termination of her period of supervision. As previously stated, mootness is not the issue before this court but rather whether the petition was prematurely filed under the Act. Under both *Warr* and *Rozborski*, it was premature.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.