# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Saleh*, 2013 IL App (1st) 121195

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAHMOUD SALEH, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-1195 |
| Filed | August 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant pled guilty to driving under the influence of alcohol in exchange for one year's supervision, but he later stipulated to the revocation of supervision because of his violations of the terms of supervision and he was sentenced to 364 days in the county jail, the trial court's judgment was vacated and the cause was remanded, since the trial court failed to substantially comply with Supreme Court Rule 402A, which requires the trial court to admonish defendant about his rights, including the rights he is giving up, and to determine whether a factual basis exists for his stipulation, and on remand, the trial court was directed to allow defendant to withdraw his stipulation and to consider defendant's possible challenge to the validity of his conviction. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-5552410; the Hon. Larry G. Axelrood, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Philip Payne, all of State
Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and
Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HYMAN delivered the judgment of the court with opinion.
Presiding Justice Neville and Justice Pierce concurred in the judgment
and opinion.

## OPINION

¶ 1     Due process insists that before accepting a guilty plea, the trial court give each admonition codified at Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003). This applies in proceedings to revoke probation, conditional discharge, or supervision when the defendant admits or stipulates to the violation which forms the basis for revocation. It is necessary to validate that the defendant understands the admission or stipulation, the rights being waived, and the potential consequences of his or her actions. While substantial, not literal, compliance with Rule 402 suffices, the record must affirmatively establish that the defendant understood each one of the required admonitions.

¶ 2     Defendant Mahmoud Saleh pled guilty to misdemeanor driving under the influence of alcohol (DUI) in exchange for an agreed term of one year's supervision. After the State petitioned to revoke his supervision due to a number of violations, Saleh stipulated to the revocation and received a sentence of 364 days in the Cook County department of corrections. On appeal, Saleh contends that the trial court accepted his stipulation to revoke the supervision without giving any Rule 402A admonitions and therefore asks that the order revoking his supervision be vacated and the case remanded for further proceedings. We agree.

¶ 3                                   Background

¶ 4     On April 24, 2009, in exchange to his plea of guilty to misdemeanor DUI, Saleh received an agreed-on term of one year's supervision along with fines and fees. About six months later, the State filed a petition to revoke Saleh's supervision, alleging he violated several of the conditions set out in the supervision order. On January 25, 2010, the State filed a supplemental petition alleging that Saleh sent a threatening letter to an employee with the social service department.

¶ 5     At the hearing on January 25, 2010, the trial court ordered a behavioral clinical examination (BCX) and set bond. At the State's request, bond was fixed at $400,000 due to

the threatening letter as well as unrelated federal charges for wire fraud that Saleh faced. He was taken into Cook County custody, and the case was continued. Subsequently, Saleh was placed in federal custody. On May 19, 2010, Saleh's attorney tendered the results of a federally administered psychological evaluation in lieu of the BCX, which could not be administered while under federal authority. The evaluation found Saleh legally competent and capable of assisting in his defense.

¶ 6        On January 10, 2011, Saleh appeared in the trial court on the State's petitions to revoke supervision. After an off-record conference, the following exchange occurred:

"THE COURT: All right. Sir, you are here. There are two separate violations; is that correct?

[ASSISTANT STATE'S ATTORNEY]: Yes, your honor.

THE COURT: Yes. Have you had the opportunity to discuss these matters with your attorney?

THE DEFENDANT: I'm sorry.

THE COURT: Have you had a chance to discuss with your attorney the conditions, the reasons for the violation of supervision?

THE DEFENDANT: Yes.

THE COURT: The allegations, you understand them?

THE DEFENDANT: Yes, sir. Yes, your honor.

THE COURT: Do you wish to admit to the violation?

THE DEFENDANT: Yes.

[DEFENSE COUNSEL]: No.

THE COURT: Strike that. I apologize. There is a stipulation; is that correct?

[DEFENSE COUNSEL]: There is a stipulation, Judge, that if the State would proceed to hearing, they would present certain evidence including technical violations alleged in the first violation and the existence of a letter which was what I just handed you in this matter, Judge.

THE COURT: I will accept that stipulation. Are you ready for sentencing?

[DEFENSE COUNSEL]: We are, Judge. Thank you.

THE COURT: Anything in aggravation?

[ASSISTANT STATE'S ATTORNEY]: Judge, we rest on the agreement discussed in the conference.

THE COURT: Mitigation?

[DEFENSE COUNSEL]: Judge, the only thing I would add is at the time the correspondence was written my client was on certain medications prescribed in the federal case which have been shown to likely cause the types of feelings and visions that he described in that letter.

THE COURT: Thank you.

[DEFENSE COUNSEL]: And he's been subsequently found to be off that medication

-3-

by an evaluation and not a risk.

> THE COURT: Sir, is there anything you wish to say before I impose sentence?
>
> THE DEFENDANT: No.
>
> THE COURT: All right. The sentence will be 364 days Cook County Department of Corrections. Credit for 364 days time considered served. Supervision is termed [*sic*] unsatisfactory today. Your commitment to this court has ended. Thank you."

¶ 7    Eight days after the hearing, Saleh appealed *pro se*. The trial court granted his motions to proceed *in forma pauperis* and appoint appellate counsel, but denied a motion to stay the order of January 10, 2011. The trial court did not address Saleh's motion to withdraw the guilty plea.

¶ 8                                    Analysis

¶ 9    Saleh seeks to vacate the order revoking supervision and remand because his due process rights were violated when he stipulated to the revocation of supervision without benefit of the trial court reviewing with him the admonishments contained in Supreme Court Rule 402A. Saleh argues that without the admonitions nothing in the record indicates he understood the specific allegations in the revocation petition, the procedural rights he relinquished, or the voluntariness of his entering into the stipulation, including any reliance on a promise or other form of coercion.

¶ 10   The State raises only one issue: Saleh's appeal is moot because, having completed his sentence, no effective relief can be granted. Although it is true that a challenge to the validity of an imposed sentence becomes moot once the entire sentence has been served (*People v. Lieberman*, 332 Ill. App. 3d 193, 195 (2002)), the nullification of a conviction is another matter entirely. For a defendant, a conviction may trigger potentially severe legal, social, employment, and financial repercussions. See *In re Christopher K.*, 217 Ill. 2d 348, 359 (2005) ("Nullification of a conviction may hold important consequences for a defendant."). Thus, the validity of the conviction is not rendered moot by the defendant having served his or her sentence. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006) (rejecting State's argument on mootness where "defendant's claim clearly calls into question the validity of his conviction").

¶ 11   Mootness being inapplicable, Saleh has the right to have a hearing on his challenge to the correctness of the conviction. See *Campbell*, 224 Ill. 2d at 84. But, before we do, we wish to address an argument of the State's which is incorrect as a matter of law. The State asserts that defendant "cannot *** challenge his underlying DUI conviction," entered on April 24, 2009. This ignores that supervision does not "constitute a disposition following a judgment of conviction." *People v. Larimer*, 409 Ill. App. 3d 827, 829 (2011). When a court places a defendant on supervision, it leaves open whether the defendant will ever be sentenced at all. *People v. Rozborski*, 323 Ill. App. 3d 215, 220 (2001); *People v. Bushnell*, 101 Ill. 2d 261, 265-66 (1984) (recognizing order of supervision is not final judgment). If the defendant successfully completes supervision, the charges are dismissed and the result resembles an acquittal; if supervision is not completed successfully, the defendant may be found guilty and sentenced. *Rozborski*, 323 Ill. App. 3d at 220. Until sentencing takes place, there is no final

-4-

judgment. *Rozborski*, 323 Ill. App. 3d at 220.

¶ 12    Here, on April 24, 2009, Saleh entered a guilty plea and received a one-year term of supervision. Saleh did not stand convicted at that time. On January 10, 2011, defendant stipulated to a violation of the April 24, 2009, supervision order. The court then entered a judgment of conviction on the underlying DUI offense and imposed a sentence of 364 day's imprisonment considered served on that conviction. Therefore, Saleh's challenge to the order of January 10, 2011, is a challenge to his conviction based on a violation of the provisions of Rule 402A.

¶ 13    Turning to Saleh's arguments, Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) provides that in proceedings to revoke supervision, the trial court must admonish the defendant and determine that the defendant understands: (i) the specific allegations in the petition to revoke supervision; (ii) his or her right to a hearing with defense counsel present, including appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment; (iii) the right to confront and cross-examine adverse witnesses and present witnesses and evidence on his or her behalf at the hearing; (iv) the State must prove the alleged violation by a preponderance of the evidence at the hearing; (v) on admitting a violation or stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke and, therefore, the defendant waives the right to a hearing, the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence on his or her behalf; and (vi) the sentencing range for the underlying offense. Additionally, under Rule 402A(b), before a court may accept an admission to a violation or a stipulation sufficient to revoke, the judge must determine that the defendant's admission is voluntary and not made on the basis of any coercion or promise. Finally, under Rule 402A(c), the trial court must determine if there is a factual basis for the admission or stipulation.

¶ 14    A standard of substantial compliance applies to Rule 402A. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046-47 (2007). Substantial compliance involves an "affirmative showing in the record that the defendant understood each of the required admonitions." *Ellis*, 375 Ill. App. 3d at 1046. To claim that the admonishments were in substantial compliance necessitates a reading of the entire record, including what transpired at earlier proceedings. *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004). Every case is to be considered on its own facts, with the primary focus on the length of time between the admonishments and the admission of the violation. *Dennis*, 354 Ill. App. 3d at 496. A trial court's compliance with Rule 402A is reviewed *de novo*. *People v. Hall*, 198 Ill. 2d 173, 177 (2001); *Ellis*, 375 Ill. App. 3d at 1046.

¶ 15    When accepting defendant's stipulation to the violation of supervision, the trial court did not determine that Saleh understood the specific allegations in the petition to revoke supervision. Instead, the court asked Saleh whether he had discussed with his attorney the reasons for the violation and followed up with a general question, "The allegations, you understand them?" The trial court did not admonish Saleh regarding his right to a hearing at which he could confront adverse witnesses and present his own evidence and at which the State has the burden. Nor was he told of the significance of waiving these rights by stipulating to the violation. The trial court did not confirm whether Saleh's stipulation was

-5-

voluntary or determine whether a factual basis supported the stipulation. We acknowledge that at the time Saleh pleaded guilty to DUI, the trial court did inform him of the sentencing range for that offense. But, the plea was made on April 24, 2009, almost two years before Saleh stipulated to the violation of supervision on January 10, 2011.

¶ 16 The purpose of providing Rule 402A admonishments is to ascertain that a defendant understands the stipulation, the rights being waived, and the potential consequences of the stipulation. See *Dennis*, 354 Ill. App. 3d at 496. A thorough review of the record reveals nothing in the colloquy between the trial court and defendant that satisfies substantial compliance with any of the requirement of Rule 402A.

¶ 17 We realize that the demands on judges handling crowded criminal dockets are such that, at times, they may forget or fudge something as fundamental as the admonitions. When this happens, at least two attorneys standing before the bench can see to it that the accused's due process rights are not impaired and that the record reflects substantial compliance with Rule 402A. The entire appeal before us could have easily been avoided had one of those attorneys brought the matter of the admonishments to the attention of the busy trial judge. Due process is every person's right, which means that is every lawyer's duty as an officer of the court to speak up in situations like this one where the admonishments are so well established as not to even be a matter of debate.

¶ 18                                               Conclusion

¶ 19 We vacate the judgment of the circuit court and remand with directions to allow Saleh to withdraw his stipulation to the violation of supervision and for further proceedings consistent with this disposition, as necessary. See *Ellis*, 375 Ill. App. 3d at 1049 (vacating and remanding due to lack of substantial compliance with Rule 402A).

¶ 20 Vacated and remanded with directions.