2022 IL App 1st 162541
No. 1-16-2541

FIRST DIVISION
May 16, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court of |
| | ) Cook County, First Municipal Division |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 10 MC1 439422 |
| | ) |
| YOLANDA GARZA, | ) Honorable Ursula Walowski, |
| | ) Judge Presiding. |
| Defendant-Appellant. | ) |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Hyman and Justice Walker concurred in the judgment.

## **ORDER**

¶ 1 *Held*: This court has jurisdiction over this matter because the circuit court's entry of a sentence of conditional discharge was a final order. We affirm the circuit court's dismissal of defendant's postconviction petition where the court found the petition was filed ten months after her sentencing and postconviction petitions in misdemeanor convictions must be filed within six months of sentencing.

¶ 2 Defendant has filed a motion to dismiss this fully briefed appeal and multiple motions for extension of time to file the record. We have taken her motions with the case. We find that the record filed with this court includes sufficient circuit court records, supplements, and briefs to analyze this matter. We find that we have jurisdiction and, for the following reasons, affirm the decision of the circuit court.

¶ 3                                   BACKGROUND

¶ 4      A jury found defendant, Yolanda Garza, guilty of misdemeanor domestic battery for throwing rocks at her brother. Because Garza's arguments are unrelated to the underlying offense, we need not recount the facts. The trial court sentenced Garza to 18 months' conditional discharge on September 23, 2011. We affirmed her conviction and sentence on direct appeal. *People v. Garza*, 2013 IL App (1st) 113136-U. About 10 months later, with her direct appeal still pending, Garza filed a postconviction petition with the assistance of counsel. The trial court dismissed the petition at the first stage; we reversed and remanded for second-stage proceedings. *People v. Garza*, 2014 IL App (1st) 131580-U.

¶ 5      During second-stage proceedings, the State moved to dismiss arguing the petition was untimely. The trial court agreed, citing *People v. Warr*, 54 Ill. 2d 487 (1973), and dismissed the petition. Garza appealed. Throughout this appeal, Garza has been variably represented by the Office of the State Appellate Defender and the Cook County Public Defender. On August 21, 2020, after the appeal was fully briefed, we granted the Public Defender's motion to withdraw and allowed Garza to continue representing herself. Garza contests the trial court's jurisdiction and, by extension, our jurisdiction over her postconviction proceedings. She argues that her 18-month sentence of conditional discharge is a species of supervision, meaning the judgment of guilty was not final until the trial court terminated her conditional discharge satisfactorily in December 2012. Implicit in her argument is a claim that the trial court erred in dismissing her postconviction petition as untimely. We address our jurisdiction and then the timeliness of the petition.

¶ 6                                    ANALYSIS

¶ 7      Defendant's jurisdictional argument depends on her equating her sentence of conditional discharge with a disposition of supervision. She argues the trial judge "withheld the judgment of guilty *** and a penalty of up to one year in jail, and continued the case under her supervision for a term of 18 months of Conditional Discharge, thereby *continuing the final judgment*." (Emphasis added). Were she correct, we would have to dismiss her appeal because her postconviction petition would have been filed too soon. See *People v. Rozborski*, 323 Ill. App. 3d 215, 220-21 (2001) (finding postconviction petition filed prematurely where supervision did not constitute a "final judgment" in a misdemeanor case).

¶ 8      However, the law is otherwise.  Supervision and conditional discharge differ.

¶ 9      Supervision includes the possibility that the case will be dismissed with no conviction if the conditions are satisfactorily met.  In supervision the conviction is possible only after the terms of the supervision have been violated.  Supervision "does not terminate a criminal case" and "is not a final judgment" because supervision does not impose a sentence," a critical prerequisite for a final judgment in a criminal case. *Id.* at 220. Supervision includes the possibility that the case will be dismissed with no conviction if the conditions are satisfactorily met. No such mechanism exists for conditional discharge sentences where the conviction remains, even if all the conditions have been met.

¶ 10      A defendant who has been sentenced to a conditional discharge has already been tried and convicted of the underlying criminal offense giving rise to the sentence of conditional discharge. *People v. Tufts,* 165 Ill. 2d, 66, 77 (1995). Her sentence of conditional discharge was based on her conviction of domestic battery and the sentencing court's

determination that actual time in jail was not necessary unless and until she violated the conditions of her discharge. The fact that the conditional discharge was terminated "satisfactory" does not remove the conviction, it just means that Garza is no longer at risk of incarceration for that charge. The conviction is *before* the time period of conditions.

¶ 11    The Unified Code of Corrections defines conditional discharge as "a sentence" and so it constitutes a final judgment on a defendant's conviction. *Wakefield v. Department of State Police*, 2013 IL App (5th) 120303, ¶ 5. Because Garza received a sentence of conditional discharge, the judgment was final at the close of the period for filing posttrial motions attacking the trial court's September 23, 2011 judgment. Thus, her postconviction petition, filed July 18, 2012, was not premature.

¶ 12    The same facts establish the petition was untimely. Garza was convicted of a misdemeanor and so her postconviction petition had to be filed within six months after the final judgment, that is March 23, 2012.  See *Rozborski*, 323 Ill. App. 3d at 221 (citing *Warr*, 54 Ill. 2d at 493). But she filed almost four months later, making it untimely.  We note that, under *People v. Gayden*, 2020 IL 123505, the pendency of a direct appeal did not toll the six-month deadline for filing a postconviction petition. *Id.* ¶ 48.

¶ 13    Since Garza did not file her postconviction petition prematurely, we have jurisdiction over her appeal, and must deny her motion to dismiss this appeal. And since her petition was untimely, we must affirm the trial court's judgment dismissing her petition. We also took with the case defendant's motion for extension of time to "file a motion regarding the supremacy clause of the United States Constitution in regard to the Domestic Violence Division and the post-conviction proceedings." We deny that motion as moot.

¶ 14                                   CONCLUSION

¶ 15      On the record, briefs, and supplements filed in this matter, we find that we have jurisdiction over the present matter because the circuit court's entry of a sentence of conditional discharge was a final order, and we affirm the circuit court's dismissal of Petitioner's postconviction petition as untimely filed.

¶ 16      Affirmed.