Ernest M. **ROSELLE**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 19, 2004.

Decided Jan. 4, 2005.

Terrance M. Edwards, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Charles T. DeTulleo, West Chester, for appellee.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the March 23, 2004, order of the Court of Common Pleas of Chester County (trial court), which granted Ernest M. Roselle's (Licensee) appeal from the suspension imposed on him by DOT pursuant to the Driver's License Compact (Compact), 75 Pa.C.S. § 1581. We reverse.

On August 13, 2003, Licensee was convicted of driving under the influence of alcohol (DUI) in the state of Delaware. On December 11, 2003, DOT notified Licensee that his driving privileges were suspended for one year as a result of the out-of-state conviction. Licensee filed an appeal, and the trial court held a hearing on the matter. (Trial ct. op. at 1.)

At the hearing before the trial court, DOT submitted a copy of the Uniform Traffic Complaint and Summons/Voluntary Assessment (Complaint) that it had received from the state of Delaware. The Complaint, which was issued by an Alderman's Court in Newark, Delaware, indicated that Licensee pled guilty to violating a local ordinance relating to "D.U.I.—Alcohol." (R.R. at 31a.) In Delaware, an Alderman's Court is a small local court with jurisdiction over misdemeanors, municipal ordinances and traffic offenses that occur within the town limits. (Trial ct. op. at 4–5.)

After considering the matter, the trial court granted Licensee's appeal. In doing so, the trial court relied upon *Tripson v. Department of Transportation, Bureau of Driver Licensing,* 773 A.2d 195 (Pa. Cmwlth.2001), *appeal denied,* 568 Pa. 690, 796 A.2d 320 (2002) (holding that, under the Compact, DOT has the burden of proving that it received the out-of-state conviction report from the party state's licensing authority). Because the Complaint appeared to come directly from the Alderman's Court and not from Delaware's licensing authority, the trial court concluded that DOT failed to meet its burden of proving an out-of-state conviction under the Compact. DOT now appeals to this court.[1]

## I. DOT's Issue

■ DOT argues that *Tripson* was wrongly decided and should be overruled. Considering our supreme court's decision in *Siekierda v. Department of Transporta-*

---

1. Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether it committed an error of law or abuse of discretion. *Laughlin v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth.1998), *appeal denied,* 559 Pa. 670, 739 A.2d 168 (1999).

tion, *Bureau of Driver Licensing*, —— Pa. ——, 860 A.2d 76 (2004), it is apparent that our supreme court has effectively overruled *Tripson*.

In *Siekierda*, our supreme court held that a court abstract from the state of Indiana was sufficient proof of an out-of-state conviction to authorize DOT to impose a suspension under the Compact. Our supreme court explained that the Compact is to be liberally construed so as to effectuate its purposes, and, upon receiving an out-of-state conviction report, even a report that does not strictly comply with the Compact's requirements, a home state's responsibility is to determine whether the conduct underlying the conviction requires the imposition of a suspension.[2] *Id.* Here, DOT received an out-of-state conviction report indicating that Licensee had pled guilty to DUI in Delaware. Because DUI is a qualifying conviction under the Compact, DOT properly imposed a suspension.

## II. Licensee's Issues

When Licensee filed his brief with this court, Licensee was aware of the holding in *Siekierda* and evidently anticipated an adverse result. Accordingly, Licensee's brief includes issues which he previously raised before the trial court but which the trial court did not address. It is apparent that, in raising the other issues, Licensee would have this court affirm the trial court's decision on these other grounds. *See Pompey v. Department of Transportation, Bureau of Driver Licensing*, 768 A.2d 372 (Pa.Cmwlth.2001).

### A. Repeal of Federal Law

■ Licensee argues that DOT lacked authority to suspend his driving privileges pursuant to the Compact because the

Commonwealth had no authority to enter into the Compact. Licensee bases this argument on the fact that the United States Congress has repealed 23 U.S.C. § 313, which initially authorized the states to enter into the Compact. However, this court considered and rejected this same argument in *Koterba v. Department of Transportation, Bureau of Driver Licensing*, 736 A.2d 761 (Pa.Cmwlth.1999), *appeal denied*, 561 Pa. 703, 751 A.2d 195 (2000), *cert. denied*, 531 U.S. 816, 121 S.Ct. 53, 148 L.Ed.2d 21 (2000). Thus, we decline to affirm the trial court's decision on this basis.

### B. Publication in Pennsylvania Bulletin

■ Licensee next argues that the Commonwealth never effectively entered into the Compact because the Commonwealth failed to publish the Compact in the Pennsylvania Bulletin pursuant to sections 6146(1) and 6152 of the Vehicle Code, 75 Pa.C.S. §§ 6146(1) and 6152. We disagree.

Section 6146(1) authorizes the secretary of DOT to enter into the Compact and any other agreements to notify other states of violations that occur within the Commonwealth. 75 Pa.C.S. § 6146(1). Section 6152 provides that all agreements entered into by the secretary shall be published in compliance with Part II of Title 45. 75 Pa.C.S. § 6152.

Part II of Title 45 includes the law that is commonly known as the Commonwealth Documents Law (Law). Section 702(4) of the Law provides that documents required by statute to be codified in the Pennsylvania Code shall be published in the Pennsylvania Code. 45 Pa.C.S. § 702(4). Section 724(a) of the Law provides that documents

---

**2.** In addition, our supreme court was critical of this court's holding in *Tripson* and stated that the court's denial of a request for discretionary review in *Tripson* suggested no position on the merits of the case and carried no precedential weight. *Siekierda*.

authorized by section 702 to be codified in the Pennsylvania Code shall be published in the Pennsylvania Bulletin. 45 Pa.C.S. § 724(a). However, section 727 of the Law specifically states that the laws of Pennsylvania and the Pennsylvania Consolidated Statutes are *not* required to be published in the Pennsylvania Code. 45 Pa.C.S. § 727.

Because the Compact is a law of Pennsylvania and a section of the Vehicle Code within the Pennsylvania Consolidated Statutes and because Part II of Title 45 does not require publication of such, we conclude that it is not necessary for DOT to publish the Compact in the Pennsylvania Code or the Pennsylvania Bulletin in order for the Compact to become effective.[3]

### C. Substantially Similar

■ Licensee next argues that the local Newark, Delaware DUI ordinance to which Licensee pled guilty is not substantially similar to the offense described in Article IV(a)(2) of the Compact. We disagree.

Article IV(a)(2) of the Compact states that the licensing authority of a home state shall give the same effect to the conduct reported as it would if such conduct had occurred in the home state in the case of convictions for driving a motor vehicle while under the influence of intoxicating liquor to a degree which renders the driver incapable of safely driving a motor vehicle. 75 Pa.C.S. § 1581. Article IV(c) of the Compact states that, if the laws of a party state do not provide for offenses described in precisely the words employed in Article IV(a), the state shall construe the descrip-

tions in Article IV(a) as identifying those offenses of a substantially similar nature; moreover, the laws of the state shall contain such provisions as may be necessary to ensure that full force and effect is given to Article IV of the Compact. 75 Pa.C.S. § 1581.

Pursuant to Article IV(c) of the Compact, the legislature enacted section 1586 of the Vehicle Code. Section 1586 states that DOT shall treat reports of convictions received from party states that relate to driving while under the influence of alcohol as being substantially similar to Pennsylvania law relating to DUI. 75 Pa.C.S. § 1586. Moreover, the fact that an offense reported to DOT may require a different degree of impairment shall not be a basis for determining that the party state's offense is not substantially similar to Pennsylvania law relating to DUI. *Id.* Our supreme court has stated that section 1586 clearly broadens the scope of offenses that Pennsylvania would consider substantially similar to the offenses in Article IV(a)(2); in fact, the court has stated that, under section 1586, an out-of-state conviction for any level of impaired driving is punishable in Pennsylvania. *Wroblewski v. Department of Transportation, Bureau of Driver Licensing*, 570 Pa. 249, 809 A.2d 247 (2002).

Here, Licensee was convicted of DUI, a violation of section 20–57(a) of the Newark Municipal Code. (*See* R.R. at 31a.) Section 20–57(a) states that no person shall drive a vehicle while under the influence of alcohol. (*See* R.R. at 55a.) Because the level of impairment is irrelevant under sec-

---

**3.** We note that, in *Sullivan v. Department of Transportation, Bureau of Driver Licensing*, 550 Pa. 639, 708 A.2d 481 (1998), our supreme court held that, inasmuch as Article VIII of the Compact states that the Compact must be enacted into law in order for the Compact to become effective as to a particu-

lar state, the Compact becomes effective as to the Commonwealth when the legislature passes a statute adopting it. Our supreme court then noted that the legislature has passed a statute enacting the Compact into law. *See id.* (referring to 75 Pa.C.S. § 1581).

tion 1586, we conclude that section 20–57(a) is substantially similar to the offense described in Article IV(a)(2) of the Compact and to Pennsylvania DUI laws.

### D. Conviction

█ Licensee argues that DOT failed to prove that he was convicted of DUI in Delaware. In support of this argument, Licensee makes three assertions. First, Licensee asserts that the "Verdict" showing on the Complaint submitted by DOT is "F.O.P.," (*see* R.R. at 31a), which means that Licensee was placed in Delaware's First Offender Program. Second, Licensee asserts that, pursuant to Delaware's First Offender Program, the court placed Licensee on probation and deferred proceedings without entering a judgment of guilt. *See* section 20–57(h)(1)(e) of the Newark Municipal Code. Third, Licensee asserts that the First Offender Program is analogous to Maryland's "probation without judgment" disposition, which this court has held does not constitute a "conviction" under the Compact. *See Lueth v. Department of Transportation*, 785 A.2d 133 (Pa. Cmwlth.2001). The problem with Licensee's argument is that Licensee failed to produce clear and convincing evidence that he actually was placed in Delaware's First Offender Program.

█ When DOT offers into evidence a certified conviction report, DOT creates a presumption that the licensee was convict-

ed of the offense in the report. *Department of Transportation, Bureau of Driver Licensing v. Kappas*, 153 Pa.Cmwlth. 584, 621 A.2d 1204 (1993). To overcome the presumption, the licensee needs to present clear and convincing evidence that he or she was not convicted of the offense. *Gregg v. Department of Transportation, Bureau of Driver Licensing*, 851 A.2d 253 (Pa.Cmwlth.2004).

In this case, when DOT offered into evidence a certified conviction report from Delaware showing that Licensee entered a plea of guilty to a DUI charge, DOT created a presumption that Licensee was convicted of DUI in Delaware. The burden of proof then shifted to Licensee to present clear and convincing evidence that he was not convicted because he was placed in the First Offender Program. However, Licensee presented *no* testimony or other evidence to show that "F.O.P." stands for the First Offender Program or that he actually was placed in the First Offender Program. Thus, we cannot conclude that Licensee rebutted the presumption of conviction by clear and convincing evidence.[4]

### E. Discrimination Claim

█ Licensee also argues that sections 1550(d) and 1584 of the Vehicle Code, 75 Pa.C.S. §§ 1550(d) and 1584, are discriminatory and, therefore, are unconstitutional.[5] However, Licensee did not challenge

---

4. We note that, in *Felbaum v. Department of Transportation, Bureau of Driver Licensing*, 860 A.2d 1168 (Pa.Cmwlth.2004), this court recognized that admission into an Illinois program, which was similar to the First Offender Program in Delaware, was not a conviction under the Compact. However, in *Felbaum*, the licensee testified that the Illinois court deferred entry of judgment and placed him under court supervision. Moreover, the licensee offered into evidence the Illinois court's sentencing order, which specifically stated that the licensee and the public would

be better served if the licensee did not receive a criminal record. *Felbaum*.

5. Section 1550(d) of the Vehicle Code states that documents received from the courts or administrative bodies of other states shall be admissible into evidence to support DOT's case. 75 Pa.C.S. § 1550(d). Section 1584 of the Vehicle Code states that the omission from any report received by DOT from a party state of any information required by Article III of the Compact shall not excuse or prevent DOT from complying with its duties under Article IV. 75 Pa.C.S. § 1584.

the validity of section 1550(d) in his appeal to the trial court. (*See* R.R. at 6a–11a.) Moreover, although Licensee did challenge the constitutionality of section 1584 in his appeal to the trial court, Licensee did not argue that section 1584 was discriminatory. (*See* R.R. at 8a.) Therefore, we conclude that Licensee has failed to preserve these issues for appeal. *See* Pa. R.A.P. 302 (stating that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Accordingly, we reverse.

### ORDER

AND NOW, this 4th day of January, 2005, the order of the Court of Common Pleas of Chester County, dated March 23, 2004, is hereby reversed.