**Regina Marie TADDEI, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 2009.

Decided Sept. 9, 2009.

Ordered Published Nov. 6, 2009.

---

Craig A. Sopin, Philadelphia, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: COHN JUBELIRER and BUTLER, Judges, and FRIEDMAN, Senior Judge.

OPINION BY Judge BUTLER.

Regina Marie Taddei (Taddei) appeals from the January 26, 2009 order of the Court of Common Pleas of Delaware County (trial court) denying the appeal of the suspension of her operating privileges as a result of her New Jersey conviction for driving under the influence (DUI) of alcohol or drugs. The issues raised by the parties are: 1) whether the trial court erred in finding that the report of conviction from New Jersey was sufficient to meet the Pennsylvania Department of Transportation's (PennDOT) burden of proving an out-of-state conviction under the Driver's License Compact;[1] and 2) whether the trial court erred in allowing Taddei to testify for PennDOT's case-in-chief. For the reasons that follow, we affirm the trial court.

▮ Taddei is licensed to drive in Pennsylvania, and was convicted of DUI in New Jersey on July 14, 2008. She received notice on August 29, 2008 that her operating privileges were being suspended for one year due to the New Jersey DUI conviction, pursuant to Section 3804(e)(2)(i) of the Vehicle Code[2] and the Driver's License Compact, Article III.[3] Taddei filed a timely appeal, and an evidentiary hearing was held on November 5, 2008. Following the hearing and the submission of memoranda of law by both parties, the trial court denied Taddei's appeal and reinstated the suspension of her operating privileges. She timely appealed to this Court.[4]

▮ Taddei argues that New Jersey failed to provide PennDOT with sufficient information of her conviction for DUI to allow the suspension of her operating privileges pursuant to Section 3804(e)(2)(i) of the Vehicle Code, since New Jersey's report only utilized the American Association of Motor Vehicle Administrators' (AAMVA) Code designated for a DUI violation, i.e., "A20," and Pennsylvania did not publish this code in the Pennsylvania Bulletin.

▮ "PennDOT bears the initial burden to establish a prima facie case that a record of conviction supports a suspension." *Glidden v. Com., Dep't of Transp., Bureau of Driver Licensing*, 962 A.2d 9, 12 (Pa. Cmwlth.2008). According to the Driver's License Compact, Article III:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581. Further:

Our supreme court explained that the Compact is to be liberally construed so as to effectuate its purposes, and, upon receiving an out-of-state conviction report, even a report that does not strictly comply with the Compact's requirements, a home state's responsibility is to determine whether the conduct underly-

---

1. 75 Pa.C.S. §§ 1581–1586.

2. 75 Pa.C.S. § 3804(e)(2)(i).

3. 75 Pa.C.S. § 1581, Article III.

4. The Court's scope of review is to determine whether findings of fact are supported by competent evidence, whether the trial court abused its discretion, or whether the trial court erred as a matter of law. *Hyer v. Dep't of Transp., Bureau of Driver Licensing*, 957 A.2d 807 (Pa.Cmwlth.2008).

ing the conviction requires the imposition of a suspension.

*Roselle v. Dep't of Transp., Bureau of Driver Licensing,* 865 A.2d 308, 311 (Pa. Cmwlth.2005). Finally, "[t]he omission from any report received by the department from a party state of any information required by Article III of the compact shall not excuse or prevent the department from complying with its duties under Articles IV and V of the compact." 75 Pa.C.S. § 1584

PennDOT offered into evidence a certified packet of documents, including Penn-DOT's suspension notice, the New Jersey conviction report, a record of Taddei's 2006 Pennsylvania DUI offense, a copy of 23 C.F.R. § 1327 (2008), and the pertinent section of the AAMVA Decoder Digest, indicating New Jersey's reporting codes in the AAMVA Code Dictionary (ACD).[5] PennDOT asked that the trial court judge take judicial notice of the sections of the Code of Federal Regulations he offered into evidence as a means of identifying the ACD Code on the New Jersey report. Reproduced Record (R.R.) at 42a, 46a. The ACD Code in the New Jersey report was "A20." R.R. at 8a. According to 23 C.F.R. § 1327, A20 is the code used for driving under the influence of alcohol or drugs. R.R. at 29a. In addition, PennDOT called Taddei as a witness to corroborate the accuracy of the information provided by New Jersey. R.R. at 48a. Taddei testified that she was convicted of DUI in New Jersey on July 14, 2008. R.R. at 50a–51a.

■ It is not the responsibility of Penn-DOT or any Pennsylvania court to ensure that the state of New Jersey correctly files reports required under the Driver's License Compact. All fifty states have converted to the National Driver Register's (NDR) Problem Driver Pointer System (PDPS),[6] which is provided for through 23 C.F.R. § 1327. PennDOT is responsible for determining whether the licensee's conduct requires suspension under Pennsylvania law. *Roselle,* 865 A.2d at 311. That is precisely what PennDOT did in the present case. It used the available interpretive tools, namely 23 C.F.R. § 1327 (2008) and the ACD Codes, to determine that Taddei was convicted of DUI in New Jersey, thereby requiring suspension of her operating privileges pursuant to Section 3804(e)(2)(i) of the Vehicle Code. *See Hyer v. Dep't of Transp., Bureau of Driver Licensing,* 957 A.2d 807 (Pa.Cmwlth. 2008) (The AAMVA Code Dictionary is an interpretive tool for states participating in the Driver's License Compact to translate the nature of the conviction reported by a sister state).

Concerning Taddei's argument that the ACD codes should have been published in the Pennsylvania Bulletin, in the present case, 23 C.F.R. § 1327 is not a reciprocal agreement, arrangement or declaration between Pennsylvania and New Jersey that would require publication in the Pennsylvania Bulletin. *See* Sections 6141–6154 of the Vehicle Code, 75 Pa.C.S. §§ 6141–6154. It is a federal regulation promulgated through the federal process, of which the trial court was asked to take judicial notice for use as an interpretive tool. Taken together, the evidence and testimony offered by PennDOT is sufficient to establish

---

5. Taddei's attorney objected to the admission of the section of the AAMVA Decoder Digest, the trial court noted the objection, but reserved making a decision. There is no direct response to the objection, but the trial court judge did refer to the AAMVA Decoder Digest as an interpretive tool in his opinion.

6. *Budget Highlight Hearing Before the H. Transp. Subcomm. of the Comm. on Appropriations,* 107th Cong. (statement of L. Robert Shelton, Executive Director, National Highway Traffic Safety Administration, April 26, 2001).

a prima facie case that the record of conviction supports the suspension of Taddei's operating privileges.

Once PennDOT establishes its prima facie case, the burden shifts to Taddei to prove by clear and convincing evidence that she was not convicted of the offense. *Roselle.* Not only did Taddei present no evidence at the hearing, she testified that she was convicted of DUI in New Jersey. R.R. at 50a–51a, 53a. Therefore, she did not meet her burden of proof, and the trial court did not err in finding that the report of conviction from New Jersey was sufficient to meet PennDOT's burden of proving an out-of-state conviction under the Driver's License Compact.

Taddei also argues that the trial court erred in allowing Taddei to testify for PennDOT's case-in-chief because PennDOT's burden cannot be established by relying solely on the testimony of a licensee; and, since PennDOT had to use Taddei's testimony, its documents failed to establish the necessary conviction information required under the Driver's License Compact. *See Gallant v. Dep't of Transp., Bureau of Driver Licensing,* 805 A.2d 1, 6 (Pa.Cmwlth.2002)[7] ("[T]he trial court did not abuse its discretion when it refused to allow PennDot to rely on the licensee's testimony 'to embark upon what would be an unsound practice-reliance upon the testimony of drivers to prove their own convictions, in place of the proper official certifications which are necessarily available in their own files.' ") Since we have already established that the documents submitted by PennDOT to prove its prima facie case were sufficient, it is clear that Taddei's testimony merely corroborated the information provided by New Jersey. Therefore, the trial court did not err in

allowing Taddei to testify in PennDOT's case-in-chief.

For the foregoing reasons, we affirm the order of the trial court.

### ORDER

AND NOW, this 9th day of September, 2009, the January 26, 2009 order of the Court of Common Pleas of Delaware County is affirmed.

---

**7.** The decision in *Gallant* was impliedly overruled by the decision in *Siekierda v. Dep't of Transp., Bureau of Driver Licensing,* 580 Pa. 259, 860 A.2d 76 (2004); however, this Court's reasoning concerning a licensee's testimony was not disturbed by the subsequent ruling in *Siekierda.*