PennDOT v. Youschak

C.P. of Lawrence County, no. 70099 of 2009, M.D.

*William A. Kuhar Jr.,* for Commonwealth.
*Carl A. Parise,* for defendant.

PICCIONE, *J.,* May 17, 2010—Before this court for disposition is the defendant's appeal from the order of the secretary of transportation suspending defendant's operator's license. On September 25, 2001, Brian Charles Youschak was admitted into the accelerated rehabilitative disposition (ARD) program as a result of a January 14, 2001 incident where defendant was cited for driving under the influence of alcohol. In accordance with former Pennsylvania statute 75 Pa.C.S. §3731(e)(6)(ii), defendant's driving privilege was suspended for a 30-day period. On June 29, 2008, Defendant was again cited for driving under the influence of alcohol and was convicted of that offense in the Municipal Court of Portage

County in Ravena, Ohio on May 27, 2009. The Ohio Department of Public Safety's Bureau of Motor Vehicles subsequently reported defendant's conviction to the PennDOT.

On August 7, 2009, PennDOT mailed defendant an official notice of the suspension of his driving privilege for a period of one year. The notice indicated that defendant's license was suspended because of "a violation on 6/29/08 of A08 of the AAMVA code dictionary, DUI w/ BAC = or > .08 that is similar to violating section 3802A2 of the Pennsylvania Vehicle Code." PennDOT's exhibit 1. On September 1, 2009, defendant filed a petition for appeal, arguing that PennDOT's suspension of his operator's license was unlawful. Defendant was granted a hearing de novo to determine whether defendant is subject to suspension of his operator's license. The hearing was held on March 31, 2010 before this court. During the hearing, defendant objected to the admission of the official notice of the suspension, the report of out-of-state convictions, and defendant's certified driving history. Therefore, the court must address defendant's objections before determining whether PennDOT's suspension of defendant's license was proper.

Initially, defendant argues that there is no reference to the American Association of Motor Vehicle Administrators' (AAMVA) code dictionary or section A08 in any Pennsylvania legislation. As a result, defendant objects to the admission of any documentation citing those provisions, including the official notice of the suspension, the report of out-of-state convictions, and defendant's certified driving history. Defendant also argues that the

references to A08 of the AAMVA code dictionary provide insufficient notice of the offense that defendant violated.

PennDOT's reference to the AAMVA code dictionary and section A08 was not improper. The Commonwealth Court of Pennsylvania has stated:

"The AAMVA code dictionary is used by many states to determine the comparability of out-of-state offenses with in-state offenses, and its primary function is to enable the commercial drivers' license information system (CDLIS) to exchange convictions and withdrawals. It is an interpretative tool for states involved in the Driver License Compact of 1961, 75 Pa.C.S. §1581, to 'translate' the nature of a conviction reported by a sister state. Because its origin and purpose make it the type of document of which judicial notice can be taken as it is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,' it was properly admitted." *Hyer v. PennDOT,* 957 A.2d 807, 810 (Pa. Commw. 2008). In several other cases, references to the AAMVA code dictionary did not render notices of suspension and reports of out-of-state convictions inadmissible. *Shewack v. PennDOT,* 2010 WL 1463027 (Pa. Commw. 2010); *Taddei v. PennDOT,* 982 A.2d 1249, 1252 (Pa. Commw. 2009).

Further, defendant was provided with sufficient notice of the offense resulting it his suspension. In addition to listing a violation of section A08, the certified driving history and official notice of the suspension referenced section 3802(a)(2) of the Pennsylvania Vehicle Code, and the report of out-of-state convictions references

"Ovi-Alcohol &/or Drug," a violation of section 4511.19 of the Ohio Revised Code PennDOT's exhibits 1, 2, and 6. Therefore, PennDOT's use of the AAMVA code dictionary did not render its exhibits inadmissible or defendant's suspension improper.

Defendant's other objections concern only the report of out-of-state convictions. Defendant argues that the report sent by Ohio, a signatory of the driver's license compact of 1961, failed to comply with article III of the compact article III states:

"The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond, or other security and shall include any special findings made in connection therewith. 75 Pa.C.S. §1581.

Defendant argues that the report was sent by the Ohio Department of Public Safety rather than the bureau of motor vehicles, the licensing authority of Ohio. Defendant also argues that the report fails to specify the section of the statute violated.

An inspection of the report of out-of-state convictions reveals that it was sent to PennDOT by the Ohio Department of Public Safety Bureau of Motor Vehicles and that it contains a description of the Ohio statute that was

violated. Because the report describes defendant's violation and was sent by the licensing authority of Ohio, the report complies with article III of the compact. Even if the alleged defects caused the report to run afoul of article III, the report would still be admissible. The compact is to be liberally construed so as to effectuate its purposes. *Siekierda v. PennDOT,* 580 Pa. 259, 269, 860 A.2d 76, 82 (2004). A perceived defect in the origin of a conviction report is immaterial to Pennsylvania's power to issue a driver's license suspension. *Id.* at 77. "The omission from any report received by the department from a party state of any information required by article III of the compact shall not excuse or prevent the department from complying with its duties under articles IV and V of the compact." 75 Pa.C.S. §1584. Because the court finds defendant's objections to be without merit, the official notice of the suspension the report of out-of-state convictions, and defendant's certified driving history as well as PennDOT's other exhibits are admissible and shall be considered in determining whether defendant's operating privilege was properly suspended.

In a license suspension case, "PennDOT bears the initial burden to establish a prima facie case that a record of conviction supports a suspension." *Glidden v. PennDOT,* 962 A.2d 9, 12 (Pa Commw. 2008). PennDOT must also demonstrate that it acted in accordance with applicable law. *Id.* 75 Pa.C.S. §3804 states:

"(1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for: . . .

"(ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under article III in section 1581 (relating to driver's license compact)." 75 Pa.C.S. §3804(e)(1)(ii).

"In calculating the term of a suspension for an offense that is substantially similar to an offense enumerated in section 3802, the department shall presume that if the conduct reported had occurred in this Commonwealth then the person would have been convicted under section 3802(a)(2)." 75 Pa.C.S. §3804(e)(2)(iv)(B).

Paragraph (2) of section 3804(e) provides for a 12-month suspension of a driver's license for an ungraded misdemeanor or misdemeanor of the second degree except where an individual is convicted of an ungraded misdemeanor, is subject to the penalties provided in section 3804(a), and has no prior offense. 75 Pa.C.S. §3804(e)(2)(i) and (iii). The term "prior offense" includes acceptance into ARD for ar offense under former statute 75 Pa.C.S. §3731. 75 Pa.C.S. §3806(a)(2). Such a prior offense can be considered in determining whether a present violation constitutes a repeat offense within 10 years. 75 Pa.C.S. §3806(b)(2).

Following the January 14, 2001 incident where defendant was cited for driving under the influence of alcohol, defendant was admitted into ARD. On June 29, 2008 defendant was again cited for driving under the influence and was convicted of that offense on May 27, 2009. Because defendant's second offense occurred within 10 years of his first, defendant had a prior offense for purposes of the suspension when he was convicted on May

27, 2009. Therefore, PennDOT's 12-month suspension was proper as long as defendant was convicted of "an offense which is substantially similar to an offense enumerated in section 3802." 75 Pa.C.S. §3804(e)(1)(ii).

Under article IV of the driver's license compact, the licensing authority of the home state is to give the same effect to a conviction in another party state as it would a conviction in the home state if the conviction is for "driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle." 75 Pa.C.S. §1581. The compact further states that:

"The department shall, for purposes of imposing a suspension or revocation under article IV of the compact, treat reports of convictions received from party states that relate to driving . . . a vehicle while impaired or under the influence of alcohol . . . as being substantially similar to section 3802 . . .. The fact that the offense reported to the department by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3802 shall not be a basis for determining that the party state's offense is not substantially similar to section 3802 for purposes of article IV of the compact." 75 Pa.C.S. §1586.

"Our supreme court has stated that section 1586 clearly broadens the scope of offenses that Pennsylvania would consider substantially similar to the offenses in article IV(a)(2); in fact, the court has stated that, under

section 1586 an out-of-state conviction for any level of impaired driving is punishable in Pennsylvania." *Roselle v. PennDOT,* 865 A.2d 308, 312 (Pa. Commw. 2005) (citing *Wroblewski v. PennDOT,* 570 Pa. 249, 809 A.2d 247 (2002)). In *Taddei,* for example, the Commonwealth Court determined that a one-year suspension of a Pennsylvania driver's license was appropriate where the driver entered ARD for a first offense of driving under the influence in Pennsylvania and was later convicted in New Jersey for a repeat offense under A20 of the AAMVA code dictionary, an offense of "driving under the influence of alcohol or drugs." *Taddei, supra,* 982 A.2d at 1252.

In the case sub judice, defendant was convicted in Ohio of operating a vehicle while under the influence of alcohol or drugs. In the report of out-of-state convictions, Ohio's Bureau of Motor Vehicles indicated that defendant violater section A08 of the AAMVA code dictionary, an offense of "driving under the influence of alcohol with BAC at or over .08." The official notice of the suspension stated that defendant's violation of section A08 is similar to a violation of 75 Pa.C.S. §3802(a)(2). Section 3802(a)(2) states:

"An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08 percent but less than 0.10 percent within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa.C.S. §3802(a)(2).

Because defendant's Ohio offense is substantially similar to a Pennsylvania offense enumerated in section 3802, PennDOT established a prima facie case that defendant's record of conviction supports a one-year suspension and demonstrated that the suspension is in accordance with applicable law. Defendant failed to present clear and convincing evidence that he was not convicted of the Ohio offense. *Roselle, supra,* 865 A.2d at 313. Therefore, the one-year suspension of defendant's operating privilege was proper, and defendant's driver's license appeal is dismissed.

## ORDER

And now, May 17, 2010, the court having held a hearing on March 31, 2010 regarding defendant's driver's license suspension appeal, with William A. Kuhar Jr., Esquire, appearing and representing PennDOT, and Carl A. Parise, Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

(1) The defendant's driver's license suspension appeal is dismissed pursuant to the attached opinion.

(2) The action of the PennDOT in suspending the defendant's privilege to operate a motor vehicle for a period of one year is affirmed, and said suspension is hereby reinstated.

(3) The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.