IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andres Rafael Garcia Lugo    :
              :
  v.         : No. 1463 C.D. 2022
              :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,    :
     Appellant    : Submitted: June 4, 2024

BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge (P.)
      HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER          FILED: July 2, 2024

  Appellant Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from the Court of Common Pleas of Lehigh County's (Common Pleas) November 29, 2022 order. Through that order, Common Pleas granted Appellee Andres Rafael Garcia Lugo's (Lugo)[1] statutory appeal regarding the Department's suspension of Lugo's driver's license and directed that the suspension be rescinded. We reverse.

## **I. Background**

  On September 7, 2022, the Department mailed a letter to Lugo, through which it informed him that his driver's license was going to be suspended for a period of six months; according to the letter, this suspension was due to Lugo's conviction for careless driving that had unintentionally caused the death of another person.

---

[1] Lugo has been precluded from submitting a brief in this matter, due to his repeated failure to comply with this Court's filing deadlines. *See* Cmwlth. Ct. Order, 9/11/23, at 1.

Reproduced Record (R.R.) at 6a-8a (citing 75 Pa. C.S. § 3714(b)).[2] Lugo then appealed this suspension by filing a petition with Common Pleas on September 14, 2022, arguing therein that the suspension was improper or unlawful because he needed a driver's license "for work purposes and for every day [sic] living." R.R. at 4a-9a.

Common Pleas then convened a hearing regarding Lugo's appeal on November 28, 2022. The Department began by entering into evidence certified documentation showing that Lugo had been convicted of two Vehicle Code violations: exceeding the maximum posted speed limit (by going 101 miles-per-hour in a 70 miles-per-hour zone); and careless driving that had unintentionally caused another person's death. Hearing Tr., 11/28/22, at 4-7; Department's Ex. C-1, #2-#3. According to the Department's documents, Lugo had committed both of these violations on May 29, 2022, and had been convicted as a result on August 29, 2022. Department's Ex. C-1, #2-#3. In response, Lugo initially testified that a police officer had only given him a warning after pulling him over on May 29, 2022, and that, contrary to the Department's assertions, Lugo had not been convicted as a result of either speeding or careless driving that had unintentionally caused another's death. Hearing Tr., 11/28/22, at 8, 10-11. During cross-examination, however, Lugo

---

[2] Section 3714 of the Vehicle Code reads as follows, in relevant part:

> **(a) General rule.--**Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.
>
> **(b) Unintentional death.--**If the person who violates this section unintentionally causes the death of another person as a result of the violation, the person shall, upon conviction, be sentenced to pay a fine of $500.

75 Pa. C.S. § 3714(a)-(b). Per Section 1532(b)(1) of the Vehicle Code, the Department is required to impose a six-month driver's license suspension upon an individual who is convicted of violating Section 3714(b) of the Vehicle Code. 75 Pa. C.S. § 1532(b)(1).

confirmed that he had received a citation for speeding on May 29, 2022, but then tried to support that point by inexplicably producing a speeding ticket that had been issued to him on April 3, 2021, and then stated that he did not have a copy of the May 29, 2022 citation in his immediate possession. *Id.* at 12-15. Additionally, Lugo admitted on cross that he owned and operated the vehicle listed in the Department's exhibits (a Toyota Highlander) and provided a driver's license number and a home address that matched those attributed to him in those exhibits. *See id.* at 11-12; Department's Ex. C-1, #2-#3. Maria Garcia, Lugo's daughter, then testified that she was unaware of any accidents through which her father had caused someone else's death, as well as that she did not know whether Lugo had ever been cited for anything other than speeding. Hearing Tr., 11/28/22, at 16-17. Garcia also admitted, however, that she had not been with Lugo when he had been ticketed on May 29, 2022, and that all of her knowledge regarding what had transpired during that day's incident had come directly from her father. *Id.* at 17-19.

With that, Common Pleas closed the hearing by ruling from the bench that the Department had failed to establish that Lugo had been convicted of violating Section 3714(b) of the Vehicle Code. *Id.* at 19. Common Pleas then stated that it would consequently grant Lugo's appeal and direct the Department to refrain from suspending Lugo's license. *Id.* This decision was formalized the following day, November 29, 2022, when Common Pleas docketed an order to that effect. R.R. at 53a. This appeal followed shortly thereafter.[3]

---

[3] The Department also filed a "Motion to Reconsider [Lugo's] Sustained Appeal" in Common Pleas on December 12, 2022, which was denied on December 28, 2022. R.R. at 44a-49a, 61a.

## II. Discussion

The Department presents a single, straightforward argument on appeal, which we summarize as follows:[4] Common Pleas erroneously granted Lugo's appeal, because the Department's evidence created a rebuttable presumption that Lugo had been convicted of violating Section 3714(b) of the Vehicle Code, which Lugo failed to successfully rebut through clear and convincing evidence. Bureau's Br. at 11-26. We agree. It is well settled that

> once the Department introduces certified conviction records [as evidence during a license suspension appeal hearing] showing that a licensee's record merits a suspension, it has established a *prima facie* case and the burden shifts to the licensee, who must then prove by clear and convincing evidence that the conviction did not occur. *Roselle v. Dep't of Transp., Bureau of Driver Licensing*, 865 A.2d 308, 314 (Pa. Cmwlth. 2005); *Glidden v. Dep't of Transp., Bureau of Driver Licensing*, 962 A.2d 9, 12 (Pa. Cmwlth. 2008). Clear and convincing evidence is defined as "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." *Mateskovich v. Dep't of Transp., Bureau of Driver Licensing*, 755 A.2d 100, 102 n. 6 (Pa. Cmwlth. 2000) (quoting *Sharon Steel Corp. v. Workmen's Comp. Appeal Bd. (Myers)*, 670 A.2d 1194, 1199 (Pa. Cmwlth. 1996)). To rebut a *prima facie* case established by a certified conviction record, the licensee must either challenge the regularity of the record, or introduce direct evidence showing that the record is incorrect and that the conviction was never entered. *Id.* at 102.

---

[4] "In reviewing a decision of the trial court in a license suspension case, the standard of review of an appellate court is to determine if the factual findings of the trial court are supported by competent evidence, and whether the trial court committed an error of law or an abuse of discretion." *Dep't of Transp., Bureau of Driver Licensing v. Boucher*, 691 A.2d 450, 453 (Pa. 1997).

4

*Dick v. Dep't of Transp., Bureau of Driver Licensing*, 3 A.3d 703, 707 (Pa. Cmwlth. 2010) (cleaned up). By contrast, a licensee cannot successfully rebut the Department's *prima facie* valid case through uncorroborated testimony, as such evidence does not satisfy the aforementioned clear and convincing standard. *Stevens v. Dep't of Transp., Bureau of Driver Licensing*, 309 A.3d 193, 204 (Pa. Cmwlth. 2024); *Fell v. Dep't of Transp., Bureau of Motor Vehicles*, 925 A.2d 232, 239 (Pa. Cmwlth. 2007); *Fagan v. Dep't of Transp., Bureau of Motor Vehicles*, 875 A.2d 1195, 1199 (Pa. Cmwlth. 2005).[5]

In this instance, Lugo failed to offer any evidence that could be used to successfully defeat the Department's efforts to suspend his driver's license. The Department presented certified evidence to Common Pleas, in the form of documentation showing that Lugo had been convicted on August 29, 2022, of violating Section 3714(b) of the Vehicle Code, due to his conduct on May 29, 2022. Hearing Tr., 11/28/22, at 4-7; Department's Ex. C-1, #2-#3. Lugo responded by simply testifying that he had never been convicted of this offense, without presenting anything else that both corroborated this bald assertion and unmistakably showed that the records provided by the Department were incorrect or irregular. In other words, the Department met its burden by offering *prima facie* valid proof regarding Lugo's conviction, which Lugo then failed to rebut via clear and convincing evidence to the contrary.

---

[5] "Whether evidence meets the 'clear and convincing' standard is a question of law." *Stevens*, 309 A.3d at 201.

### III. Conclusion

In light of the foregoing analysis, we conclude that Common Pleas erred by granting Lugo's appeal and consequently reverse Common Pleas' November 29, 2022 order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andres Rafael Garcia Lugo :
 :
   v. : No. 1463 C.D. 2022
 :
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
     Appellant :

# **O R D E R**

AND NOW, this 2nd day of July, 2024, it is hereby ORDERED that the Court of Common Pleas of Lehigh County's November 29, 2022 order is REVERSED.

                  
        ELLEN CEISLER, Judge