NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250359-U

NOS. 4-25-0359, 4-25-0374 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 3, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| RICHARD T. LONG, | ) | No. 23CF77 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:  (1) Defendant failed to establish he is entitled to a second remand for a third
hearing on his motion to withdraw his guilty plea due to counsel's alleged failure
to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

(2) The trial court failed to substantially comply with Illinois Supreme Court
Rule 402A (eff. Nov. 1, 2003) before accepting defendant's admission to the
State's petition to revoke his probation.

¶ 2     Defendant, Richard T. Long, pleaded guilty to aggravated criminal sexual abuse

(720 ILCS 5/11-1.60(c)(1)(i) (West 2022)) and was sentenced to 180 days in jail and 48 months

of probation. He thereafter filed a motion to withdraw his guilty plea, which the trial court denied

following a hearing, and defendant appealed. On appeal, we allowed defendant's motion for

summary remand for strict compliance with Illinois Supreme Court Rule 604(d) (eff. Dec. 7,

2023). *People v. Long*, No. 4-23-1233 (2024) (order). Our mandate issued in March 2024.

¶ 3     In July 2024, the State filed a petition to revoke defendant's probation. The next

month, defendant admitted to one of the allegations in the State's petition. In September 2024, defendant filed an amended motion to withdraw his guilty plea. At a combined hearing, the trial court resentenced defendant to five years in prison and denied his amended motion to withdraw his guilty plea.

¶ 4 Defendant appeals, arguing (1) counsel failed to strictly comply with Rule 604(d) and (2) the trial court failed to substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) in accepting his admission to the State's petition to revoke his probation. We affirm in part, reverse in part, and remand with directions.

¶ 5                                    I. BACKGROUND

¶ 6 In February 2023, the State charged defendant with one count of aggravated criminal sexual abuse (count I) (720 ILCS 5/11-1.60(c)(1)(i) (West 2022)) and two counts of criminal sexual abuse (counts II and III) (*id.* § 11-1.50(c)). The State alleged in count I that defendant "committed an act of sexual conduct with [the victim], who was under 13 years of age in that [he] grabbed her buttocks and touched her breasts for the purpose of *** sexual arousal."

¶ 7 In May 2023, the trial court conducted a guilty plea hearing. The court stated to defendant, "[It] looks like you're going to be pleading guilty to Count I, which is the aggravated criminal sexual abuse. That's a Class 2 felony punishable by three to seven years in the [Illinois] Department of Corrections followed by one year [mandatory supervised release]." The court informed defendant of the rights he would be relinquishing by pleading guilty, and defendant stated that he understood. Defendant indicated to the court that he had discussed the proposed plea agreement with his attorney and that he had not been forced, threatened, or promised anything other than the plea agreement to change his plea from not guilty to guilty. Ultimately, the court found that defendant's "plea of guilty [was] knowingly, understandingly, and

voluntarily made, [and] that a factual basis does exist." Defendant also signed a "PLEA OF GUILTY" form in open court that provided he was "knowingly, understandably, and voluntarily" pleading guilty to count I.

¶ 8 After the guilty plea hearing, the trial court entered an order providing, in pertinent part, the following:

"1. The court accepts the guilty plea of Defendant to Count I, Aggravated Criminal Sexual Abuse as being made knowingly and voluntarily.

2. The parties have reached an agreement for a joint proposal to the court including, but not limited to a maximum term of probation and 180 days in jail. A sex offender evaluation is necessary before the court can consider the sentencing proposal."

¶ 9 In August 2023, the trial court conducted a sentencing hearing. The court informed defendant that "the terms of the proposed agreement are for the plea to Count I, which we took that plea previously. Pursuant to [the] plea, Counts II and III will be dismissed. You'll *** serve a term of 48 months of probation" and 180 days in jail. After two of the victims had provided statements to the court, it sentenced defendant in accordance with the terms of the plea agreement identified above.

¶ 10 Defendant filed a motion to withdraw his guilty plea, which the trial court denied following an evidentiary hearing at which defendant testified. Defendant appealed the denial of his motion, and, on appeal, we allowed his motion for summary remand for strict compliance with Rule 604(d). Our mandate issued in March 2024.

¶ 11 In July 2024, the State filed a five-count petition to revoke defendant's probation. In count III, the State alleged that a condition of defendant's probation was a prohibition against

consuming alcohol and that he "willfully violated this condition of probation *** when he tested positive for alcohol and *** when [he] admitted to consuming alcohol."

¶ 12    At a hearing in August 2024, defendant admitted to count III of the State's petition to revoke his probation, and the following exchange took place:

"THE COURT: Why don't we do this for right now. How about if the defendant's willing to admit to Count III, we go ahead and take that admission.

***

THE COURT: And we can reserve the other counts pending disposition of this.

* * *

THE COURT: Is [count III] what you wanna [*sic*] admit to?

[DEFENDANT]: Yes, sir.

THE COURT: Okay. And do you understand that by admitting to that count that we won't have a hearing on that and that you're entitled to have a hearing where the State must prove that beyond a preponderance of the evidence?

[DEFENDANT]: Well, I admitted it in writing so I see no use.

THE COURT: Understood. Then I'll accept your admission as being knowingly, understandingly and voluntarily made."

The court then set the matter for a status hearing.

¶ 13    In September 2024, on remand from this court's order for strict compliance with Rule 604(d), defendant, through counsel, filed an amended motion to withdraw his guilty plea. In it, defendant claimed for the first time that the trial court had failed to properly admonish him pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) before accepting his guilty plea.

Specifically, defendant alleged as follows:

> "5. Further that *** the Court did not substantially comply with Rule 402. The Court did not 1) admonish [him] as to the charge[,] 2) that he had the right to plead not guilty or persist in the plea if it has already been made or to plead guilty[, or] 3) state the plea agreement in open court. Therefore [defendant] did not knowingly and voluntarily enter his plea."

¶ 14    In April 2025, the trial court conducted a combined hearing (1) for resentencing following defendant's admission to the State's petition to revoke his probation and (2) to address his amended motion to withdraw his guilty plea. The court first resentenced defendant to five years in prison.

¶ 15    The trial court then conducted a hearing on defendant's amended motion to withdraw his guilty plea. Counsel for defendant presented a detailed argument to the trial court, identifying the Rule 402 admonishments he believed the court had failed to provide to defendant before accepting his guilty plea. After hearing defendant's argument and the State's response thereto, the court acknowledged that it had neglected to recite the terms of the plea agreement in open court but also noted that defendant ultimately received the benefit of his bargain with the State. The court ultimately concluded that nothing in the record suggested its failure to admonish defendant in strict compliance with Rule 402 prevented him from entering a knowing and voluntary guilty plea, and it therefore denied his amended motion to withdraw his guilty plea.

¶ 16    This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, defendant argues that (1) counsel failed to strictly comply with Rule 604(d) and (2) the trial court failed to substantially comply with Rule 402A before

accepting his admission to the State's petition to revoke his probation.

¶ 19                                    A. Rule 604(d)

¶ 20        Defendant first argues that he is entitled to a second remand for a third hearing on his motion to withdraw his guilty plea because "counsel failed to strictly comply with Rule 604(d) where he did not make the necessary amendments for the adequate presentation of an error he raised in the postplea motion." More specifically, defendant argues as follows:

> "[T]o properly plead a Rule 402 violation, counsel had to assert both that the [trial] court failed to substantially comply with the rule *and* that real justice had been denied or that [he] had been prejudiced by the inadequate admonishments. [Citation.] By failing to allege the latter, counsel did not make the necessary amendments for the adequate presentation of the Rule 402 errors he asserted in the postplea motion. The record thus rebuts counsel's Rule 604(d) certificate. This Court should remand for new postplea proceedings that strictly comply with Rule 604(d)." (Emphasis in original.)

¶ 21        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7. It requires, in pertinent part, that counsel file a certificate in the trial court stating the following:

> "1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and
>
> 3. I have made any amendments to the motion necessary for the adequate

presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024), Art. VI Forms Appendix. The purpose of Rule 604(d) "is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record." *People v. Wilk*, 124 Ill. 2d 93, 104 (1988).

¶ 22 "Because Rule 604(d) is designed both to protect [a] defendant's due process rights and to eliminate unnecessary appeals, this court requires strict compliance with its requirements, including the filing of the attorney certificate in the trial court." *People v. Shirley*, 181 Ill. 2d 359, 362 (1998); see *H.L.*, 2015 IL 118529, ¶ 25 ("Strict compliance requires counsel to prepare a certificate that meets the content requirements of the rule and to file the certificate with the trial court."). "[E]ven when the certificate is valid on its face, a remand will be necessary if the record refutes the certificate." *People v. Winston*, 2020 IL App (2d) 180289, ¶ 14.

> "If this standard of strict compliance is not met, the remedy is a remand to afford [the] defendant another opportunity to be heard on his Rule 604(d) motion. However, once this remedy is granted, there is no further requirement under Rule 604(d) that successive remands and rehearings will be ordered." *Shirley*, 181 Ill. 2d at 371.

"Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *People v. Gorss*, 2022 IL 126464, ¶ 10.

¶ 23 "In order to satisfy due process, a guilty plea must be affirmatively shown to have been made voluntarily and intelligently. [Citation.] Rule 402 was adopted to insure compliance

with these due process requirements." *People v. Burt*, 168 Ill. 2d 49, 64 (1995); see *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009) ("The purpose of Rule 402 admonishments is to ensure that a defendant understands his plea, the rights he has waived by pleading guilty and the consequences of his action."). "The failure to properly admonish a defendant, alone, does not automatically establish grounds for *** vacating the plea." *People v. Davis*, 145 Ill. 2d 240, 250 (1991). "Whether reversal is required depends on whether real justice has been denied or whether [the] defendant has been prejudiced by the inadequate admonishment." *Id.*

¶ 24 Turning to the merits, we find that, even assuming, *arguendo*, counsel failed to strictly comply with Rule 604(d) by failing to "properly plead" the Rule 402 claim, defendant has nonetheless failed to satisfy his burden of persuading this court that, as a result of counsel's failure, he is entitled to a second remand for a third hearing on his motion. See, *e.g.*, *Yamnitz v. William J. Diestelhorst Co.*, 251 Ill. App. 3d 244, 250 (1993) (stating that "an appellant has the burden of persuasion on appeal"). Defendant appears to argue that counsel's alleged failure to "properly plead" the Rule 402 claim automatically entitles him to a successive remand for strict compliance with Rule 604(d). However, this court has held that so long as the defendant received a meaningful opportunity to present his claims to the trial court, his attorney's failure to adequately plead a claim does not automatically entitle him to even an initial remand. See, *e.g.*, *People v. Brown*, 2023 IL App (4th) 220573, ¶¶ 25, 35, 50 (holding that counsel's failure to plead a " 'legally cognizable' " claim did not entitle the defendant to an initial remand where "the trial court properly determined [the] defendant's claim was meritless after a full and fair evidentiary hearing"). Thus, we reject defendant's apparent argument that counsel's alleged failure, by itself, automatically entitles him to a successive remand.

¶ 25 As previously stated, our supreme court has held that where, as here, a case has

already been "remand[ed] to afford [the] defendant another opportunity to be heard on his Rule 604(d) motion," "there is no further requirement under Rule 604(d) that successive remands and rehearings will be ordered." *Shirley*, 181 Ill. 2d at 371. The *Shirley* court reasoned that once "the defendant [has been] afforded a full and fair second opportunity to present [his] motion \*\*\*, [there is] limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id.* at 369. Given the supreme court's holding in *Shirley*, it follows that a defendant is not entitled to a successive remand unless he can demonstrate on appeal that either (1) he did not receive a "full and fair second opportunity to present [his] motion" to the trial court or (2) there is "good reason" to order a successive remand. *Id.* Defendant here has failed to present any argument that either ground applies to this case. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that the failure to raise an argument in an appellant's brief results in forfeiture of that argument). Thus, we find defendant has failed to establish that he is entitled to a second remand for a third hearing on his motion to withdraw his guilty plea. See *Yamnitz*, 251 Ill. App. 3d at 250.

¶ 26 Forfeiture aside, we note that the hearing conducted on remand in this case is distinguishable from those conducted in cases requiring a successive remand, "in which, for all practical purposes, no hearing occurred on remand." *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16; see, *e.g.*, *People v. Fricks*, 2017 IL App (2d) 160493, ¶¶ 1, 7 (finding the hearing on remand inadequate in that it amounted to a "mere charade performed for the purpose of reinstating an appeal" where counsel "did not ask to be heard on" the defendant's motion but merely indicated he "was standing on and adopting his prior motion" (internal quotation marks omitted)); *People v. Oliver*, 276 Ill. App. 3d 929, 932 (1995) (finding the hearing on remand inadequate where "counsel simply renewed orally the previous motion and stated that the testimony would be the same"); *People v. Guth*, 2023 IL App (4th) 230240-U, ¶ 20 (finding the

hearing on remand inadequate where counsel "failed to present the motion \*\*\* *at all* when he erroneously informed the court that it was barred by *res judicata* and acquiesced to the court's decision to strike the motion" (emphasis in original and internal quotation marks omitted)).

¶ 27    Here, at the hearing on remand, counsel presented a detailed argument to the trial court identifying the specific Rule 402 admonishments he believed the court had failed to provide to defendant before accepting his guilty plea. After hearing defendant's argument and the State's response thereto, the court acknowledged that it had neglected to recite the terms of the plea agreement in open court but also noted that defendant ultimately received the benefit of his bargain with the State. The court concluded that nothing in the record suggested its failure to admonish defendant in strict compliance with Rule 402 prevented him from entering a knowing and voluntary guilty plea. Based on the above, we decline to find that, "for all practical purposes, no hearing occurred on remand." *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16. Accordingly, for the reasons discussed, we conclude defendant has failed to satisfy his burden on appeal of persuading this court that he is entitled to a second remand for a third hearing on his motion to withdraw his guilty plea due solely to counsel's alleged failure to "properly plead" one of the claims raised in the motion.

¶ 28                                B. Rule 402A

¶ 29    Defendant also argues that the trial court "erred when it accepted [his] probation-revocation admission without first substantially complying with Rule 402A." Specifically, defendant contends that the "court here failed to admonish [him] under Rule 402A(a)(2), (a)(3), (a)(6), and (b)" and that this court "should vacate the order revoking [his] probation and remand the matter with directions to allow [him] to withdraw his admission to the state's petition to revoke." The State concedes that the court failed to substantially comply

with Rule 402A and "agree[s] this matter should be remanded with directions to allow defendant to withdraw his admission to the *** petition to revoke probation."

¶ 30 Rule 402A provides that trial courts "shall not accept an admission to a violation" without first informing the defendant of, and ensuring that he understands, the following:

"(1) the specific allegations in the petition to revoke probation ***;

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation ***, so that by admitting to a violation *** the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation." Ill. S. Ct. R. 402A(a)(1)-(6) (eff. Nov. 1, 2003).

Further, Rule 402A(b) provides that trial courts "shall not accept an admission to a violation *** without first determining that the defendant's admission is voluntary and not made on the basis of any coercion or promise." Ill. S. Ct. R. 402A(b) (eff. Nov. 1, 2003). "A standard of substantial

compliance applies to Rule 402A. [Citation.] Substantial compliance involves an affirmative showing in the record that the defendant understood each of the required admonitions." (Internal quotation marks omitted.) *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 14. "A trial court's compliance with Rule 402A is reviewed *de novo*." *Id.*

¶ 31 Here, prior to accepting defendant's admission to count III in the State's petition to revoke his probation, the trial court informed him of the specific allegations comprising that count and then asked him, "And do you understand that by admitting to that count that we won't have a hearing on that and that you're entitled to have a hearing where the State must prove that beyond a preponderance of the evidence?" Defendant responded, "Well, I admitted it in writing so I see no use." The court then stated, "Understood. Then I'll accept your admission as being knowingly, understandingly and voluntarily made."

¶ 32 We agree with the parties that the trial court failed to substantially comply with Rule 402A before accepting defendant's admission. The court did not inform defendant that he had the right to a hearing with defense counsel present and at which he would have the right to confront witnesses against him and present his own evidence. Nor did the court inform defendant of the sentencing range for the underlying offense or question him regarding the voluntariness of his admission. Thus, we cannot say that he "understood each of the required admonitions" when he was not even informed of most of the required admonitions. (Internal quotation marks omitted.) *Id.*

¶ 33 Accordingly, we accept the State's concession, vacate the order revoking defendant's probation, and "remand the matter for new admonishments and further probation revocation proceedings, as necessary." *People v. Curry*, 2019 IL App (3d) 160783, ¶ 23; see *Saleh*, 2013 IL App (1st) 121195, ¶ 19 (providing for the same remedy).

¶ 34 III. CONCLUSION

¶ 35 For the reasons stated, we affirm the trial court's judgment in part, reverse it in part, and remand with directions.

¶ 36 Affirmed in part and reversed in part; cause remanded with directions.